MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Deanna and Gary Rowan brought a products liability suit against Kia Motors America, Inc. and Pat Peck Nissan, Inc., seeking damages for personal injuries suffered by Deanna as a result of a motor vehicle accident involving a 2000-model Kia Sephia. The Rowans alleged that the vehicle’s airbags failed to deploy on impact, causing Deanna’s injuries. The Rowans sought damages on theories of negligence, strict liability, breach of warranty, and failure to warn. The trial court granted summary judgment for the defendants on all counts, and the Rowans appeal this judgment only on the issue of breach of warranty. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. The accident at issue occurred in July 2000 in D’Iberville, Mississippi, at the intersection of Sangani Boulevard and Highway 15. Deanna was driving the Rowans’ Kia Sephia west on Sangani Boulevard with the intention of turning south onto Highway 15. She stopped for the traffic light at the intersection. After the light changed, she entered the intersection and began a left turn into the southbound lanes of Highway 15. Deanna estimated that she reached a speed of only twenty miles per hour in attempting to make the turn.
 

 ¶ 3. As Deanna was attempting her turn, a Mitsubishi Mirage, traveling south at approximately fifty miles per hour in the westernmost lane of Highway 15, ran the
 
 *64
 
 red light and crossed in front of her vehicle. Deanna’s Kia hit the front side of the Mitsubishi, and the impact caused both cars to spin around. Deanna’s vehicle came to rest facing the direction she had been coming from. The Kia suffered damage to its front and was totaled as a result of damage suffered in the accident.
 

 ¶4. Deanna initially thought that she was unharmed, but she subsequently sought medical attention for neck pain and was diagnosed with whiplash. Following the accident, she suffered continuing pain in her neck and lower back, and Deanna ultimately underwent two surgeries to repair fractured discs in her back that she alleged resulted from the accident. Gary, who was home at the time of the accident, alleged loss of consortium as a result of Deanna’s injuries.
 

 STANDARD OF REVIEW
 

 ¶ 5. We review a trial court’s disposition of a motion for summary judgment de novo.
 
 Treasure Bay Corp. v. Ricard,
 
 967 So.2d 1235, 1238(¶ 10) (Miss.2007). This Court “examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc.”
 
 City of Jackson v. Sutton,
 
 797 So.2d 977, 979(¶ 7) (Miss.2001) (citations omitted). The moving party has the burden of demonstrating that no genuine issue of material facts exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact.
 
 Id.
 
 “If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party’s favor.”
 
 Monsanto Co. v. Hall,
 
 912 So.2d 134, 136(¶ 5) (Miss.2005).
 

 DISCUSSION
 

 ¶ 6. The Rowans frame this appeal in terms of the supreme court’s decision in
 
 Forbes v. General Motors Corp.,
 
 935 So.2d 869 (Miss.2006). They assert that they, like the plaintiffs in
 
 Forbes,
 
 have produced evidence from which a jury could find an express warranty — that the airbags in the subject vehicle would inflate upon a “severe” front or front-angle crash — and that the Rowans relied upon that warranty in using the vehicle.
 
 See id.
 
 at 878(¶ 15). In support of this, the Rowans introduced only deposition testimony from Deanna, Gary, and Glen Powell, a deputy with the Harrison County Sheriffs Department. The Rowans argue that this alone was sufficient to survive summary judgment, because the supreme court in
 
 Forbes
 
 held: “Fault does not need to be shown to establish a breach. The plaintiff need only show that the product did not live up to its warranty.”
 
 Id.
 
 at 876(¶ 11) (quoting
 
 Austin v. Will-Burt Co.,
 
 232 F.Supp.2d 682, 687 (N.D.Miss.2002)).
 

 ¶ 7. The defendants, while not conceding reliance on an express warranty, argue that the record contains no evidence that the alleged warranty- — -that the airbag would deploy upon a “severe” front or front-angle impact — was in fact breached, or that this breach — the failure of the airbag to deploy — proximately caused the Rowans’ injuries.
 

 ¶ 8. We find this argument meritorious. As the supreme court in
 
 Forbes
 
 noted, Mississippi Code Annotated section 11 — 1— 63(a) (Supp.2008) states that:
 

 (a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller:
 

 (i) 1. The product was defective because it deviated in a matei’ial way from the manufacturer’s specifications or from otherwise identical units man
 
 *65
 
 ufactured to the same manufacturing specifications, or
 

 2. The product was defective because it failed to contain adequate warnings or instructions, or
 

 3. The product was designed in a defective manner, or
 

 4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product; and
 

 (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
 

 (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.
 

 Therefore, notwithstanding the holding in
 
 Forbes,
 
 the Rowans were required to produce evidence both that the vehicle breached the alleged warranty and that this breach proximately caused the injuries alleged.
 
 See Forbes,
 
 935 So.2d at 873-74(¶ 5).
 

 ¶ 9. As we have said, the record contains only the depositions of the Rowans and Deputy Powell.
 
 [1]
 
 Deanna and Deputy Powell described the accident as we have outlined it above — a front-angle collision between the Rowans’ Kia, traveling at twenty miles per hour, and another vehicle traveling at fifty miles per hour. The damage was extensive enough to total the subject vehicle. At issue is whether a reasonable jury could find this sufficient to prove that the accident was “severe” such that the airbags should have deployed, as described by the alleged warranty. In
 
 Forbes,
 
 the operative language was “hard enough,” which the supreme court described as ambiguous.
 
 See id.
 
 at 878(¶ 15). There, the supreme court found testimony describing the collision and the damage to the subject vehicle sufficient for a jury to find a breach of the warranty; expert testimony was not required because the issue is whether the terms of the warranty were breached, not whether the airbag was defective from a technical standpoint.
 
 See id,,
 
 at 876-77(¶ 12). As in
 
 Forbes,
 
 the alleged warranty here is sufficiently nebulous that a reasonable jury, taking this testimony in a light most favorable to the Rowans, could conclude that it was breached in the accident as described, even absent proof that the airbag did not operate as designed.
 

 ¶ 10. However, the defendants also argue that the Rowans have failed to produce evidence from which a jury could conclude that the breach of warranty proximately caused the alleged injuries, as required by Mississippi Code Annotated section 11 — 1—63(a)(iii). Although the Rowans bear the burden of proof, they have failed to fully address this issue in their brief on appeal; the Rowans simply assert that the failure of the airbags to deploy proximately caused Deanna’s injuries without explanation or citation to the record. On our review of the record, however, we can find no evidence from which a reasonable jury could conclude that, but for the breach of warranty, Deanna would not have been injured or her injuries would have been mitigated.
 

 ¶ 11. In her deposition, Deanna did testify that she was diagnosed with whiplash
 
 *66
 
 following the accident and that she had been told by her doctors that her subsequent surgeries had resulted from injuries sustained in the accident. The supreme court in
 
 Forbes
 
 noted, however, that proof of injury alone is insufficient for proximate cause; there must be proof from which a jury could conclude that the airbag would have prevented the injuries suffered.
 
 See id.
 
 at 880(¶ 19).
 

 ¶ 12. In order to survive summary judgment, “[t]he non-moving party’s claim must be supported by more than a mere scintilla of colorable evidence; it must be evidence upon which a fair-minded jury could return a favorable verdict.”
 
 Luvene v. Waldrup,
 
 903 So.2d 745, 748(¶ 10) (Miss.2005) (quoting
 
 Wilbourn v. Stennett, Wilkinson & Ward,
 
 687 So.2d 1205, 1213-14 (Miss.1996)). The plaintiffs bear the burden of proof on the issue of causation and must “introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.”
 
 Herrington v. Leaf River Forest Prods., Inc.,
 
 733 So.2d 774, 777(¶ 10) (Miss.1999).
 

 ¶ 13. Deanna testified that during the accident, she was wearing a seat belt, and the force of the impact pushed her body first left, then right, then back toward the rear. When she finally came to rest, her chest was resting on the steering wheel. Deanna specifically testified that she did not hit her head on the windshield, the roof, the doors, or the steering wheel during the accident. She believed that her injuries resulted from being thrown around inside the car, but Deanna could not identify exactly how she was injured, nor could she explain how the airbag, had it deployed, would have mitigated the harm she suffered.
 

 ¶ 14. While we recognize a possibility, based on this testimony, that the airbag could have prevented or mitigated Deanna’s injuries, any conclusion that it did would be mere speculation. As the Rowans have produced insufficient evidence of causation, a necessary element of their cause of action, we must affirm the trial court’s grant of summary judgment to the defendants.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . It is apparent from the record that the Rowans also secured the services of two expert witnesses. In the trial court, however, the Rowans argued that their testimonies were not necessary to defeat summary judgment, and the Rowans have not made these opinions or depositions part of the record on appeal. We, of course, are required to decide the issue only on the record before us.
 
 See, e.g., Oakwood Homes Corp. v. Randall,
 
 824 So.2d 1292, 1293-94 (¶¶3-5) (Miss.2002).