PIERCE, Justice,
for the Court:
¶ 1. The Mississippi Department of Health (DOH) issued a final order in 2011, approving a certificate-of-need (CON) application filed by Vicksburg Healthcare, LLC, doing business as River Region Health System (River Region), for the purpose of renovating space on River Region’s west campus and adding twenty acute-care beds designated for the inpatient care of adolescent psychiatric patients. Diamond Grove Center, LLC, (Diamond Grove), appealed the DOH’s decision to the Hinds County Chancery Court, which upheld the CON approval. Diamond Grove now appeals to this Court, maintaining that the DOH is barred from issuing a CON under Mississippi Code Section 41 — 7—191 (4)(a)(iii) (Rev.2009) because of a previously approved, but never acted upon, CON granted by the DOH to Brentwood Health Management of Mississippi, LLC (Brentwood). We affirm the chancery court.
FACTS AND PROCEDURAL HISTORY
¶2. River Region currently operates a behavioral health center which provides *1070 adult and geriatric inpatient psychiatric services, as well as adult and adolescent chemical dependency services. In March 2010, River Region filed a CON with the DOH to renovate space on its west campus and add twenty acute-care beds for inpatient care of adolescent psychiatric patients in Warren County, Mississippi. Upon filing the application, River Region acknowledged the existence of a legislatively imposed state-wide moratorium on beds of this type, but relied as the basis for its application on Section 41-7-191(4)(a)(iii), which River Region asserted provides an exception to the moratorium by expressly authorizing twenty such beds to be put into service in Warren County. Section 41 — 7—191 (4)(a)(iii), states:
The department may issue a certificate or certificates of need for the construction or expansion of child/adolescent psychiatric beds or the conversion of other beds to child/adolescent psychiatric beds in Warren County. For purposes of this subparagraph (iii), the provisions of Section 41-7-193(1) requiring substantial compliance with the projection of need as reported in the current State Health Plan are waived. The total number of beds that may be authorized under the authority of this subpara-graph shall not exceed twenty (20) beds. There shall be no prohibition or restrictions on participation in the Medicaid program (Section 43-13-101 et seq.) for the person receiving the certificate of need authorized under this subpara-graph or for the beds converted pursuant to the authority of that certificate of need.
If by January 1, 2002, there has been no significant commencement of construction of the beds authorized under this subparagraph (iii), or no significant action taken to convert existing beds to the beds authorized under this subpara-graph, then the certificate of need that was previously issued under this subpar-agraph shall expire. If the previously issued certificate of need expires, the department may accept applications for issuance of another certificate of need for the beds authorized under this sub-paragraph, and may issue a certificate of need to authorize the construction, expansion or conversion of the beds authorized under this subparagraph.
Miss.Code Ann. § 41-7-191(4)(a)(iii).
¶ 3. The DOH’s staff reviewed the application and recommended approval. Diamond Grove, a behavioral health center located across the state in Winston County, Mississippi, requested a hearing. A five-day hearing was held in November 2010. Prior to the hearing, River Region submitted a motion for a ruling on whether Section 41 — 7—191 (4)(a)(iii) granted the DOH authority to approve a CON for the twenty beds, and if so, whether compliance with the need requirement as set forth in the State Health Plan would be waived. The hearing officer ruled that Section 41-7 — 191 (4)(a)(iii) provided authority to the DOH to approve the requested CON, if all other CON requirements were met, and that the requirement to demonstrate need for the beds was waived.
¶ 4. Following the hearing, the hearing officer ruled that the application was governed by Section 41 — 7—191 (4)(a)(iii), and because no beds had ever been established in Warren County under that section, the exception to the moratorium on adolescent psychiatric beds remained available to the DOH. As a result, the DOH determined that there was no legislative impediment to the application submitted by River Region, and compliance with the need criterion set forth in the State Health Plan as to beds of this nature was not applicable in this case. The DOH further found that River Region had fully demonstrated substantial *1071 compliance with the general goals of the State Health Plan and the CON Review Manual and, thus, awarded the CON to River Region.
¶ 5. Diamond Grove appealed the DOH’s decision to the Hinds County Chancery Court, arguing that the exception to the moratorium was no longer effective and that the DOH had no authority to approve the beds. Chancellor Dewayne Thomas, after hearing oral arguments and considering the briefs of the parties, affirmed the DOH’s decision.
¶ 6. In the chancery court’s issued opinion for the matter, Judge Thomas provided the following facts and history relevant to this case. In 1995, the DOH granted a CON for twenty adolescent psychiatric beds in Warren County to Children’s Hospital of Vicksburg, with said CON subsequently becoming the property of Brent-wood, a sister company of Diamond Grove. But no significant progress had been made in the actual development of the approved adolescent psychiatric beds. So in 2001, the Legislature enacted an amendment to Section 41-7-191(4)(a)(iii) (the second paragraph related above). In October 2002, Chancery Court Judge Patricia Wise issued an order and opinion declaring the 2001 amendment to be unconstitutional, as it violated both the constitutional separation-of-powers provision of the Mississippi Constitution and Brentwood’s right to due process of law. That order, according to Judge Thomas, was never appealed and remains binding on the parties therein. In 2007, the DOH revoked the 1995 CON granted to Brentwood. Brentwood appealed the Department’s decision. The Hinds County Chancery Court, Denise Owens, presiding, upheld the DOH’s ruling. The Mississippi Court of Appeals affirmed the chancery court’s decision.[1] River Region thereafter submitted its application for the twenty-bed CON. The DOH, having concluded that the 2001 amendment was not necessary for the issuance of a CON to River Region (for reasons previously mentioned), granted River Region a twenty-bed CON.
DISCUSSION
¶ 7. Diamond Grove argues on appeal that the Legislature enacted Section 41 — 7—191 (4)(a)(iii) simply to authorize a one-time grant of a CON for Warren County, and it did not intend for the CON grant to “remain valid indefinitely.” River Region responds that it cannot reasonably be argued that the Legislature intended to give the DOH authority to grant an applicant permission to put adolescent psychiatric beds in service, without actually putting the beds in service. River Region contends that Diamond Grove’s “one-time grant” argument undermines the purpose of the exception and would allow an applicant to obtain a CON, refuse to make a good-faith effort to implement it, and thereafter bar the establishment of that facility or service by another qualified applicant in the absence of further legislative action.
¶ 8. Judicial review for a final DOH order is limited by Mississippi Code Section 41 — 7—201(f) (Rev.2009) which provides, in pertinent part:
The order shall not be vacated or set aside, either in whole or in part, except for errors of law, unless the court finds that the order ... is not supported by substantial evidence, is contrary to the manifest weight of the evidence, is in excess of the statutory authority or jurisdiction of the State Department of Health, or violates any vested constitu *1072 tional rights of any party involved in the appeal.
¶ 9. An agency’s interpretation of a statute governing its operation is a matter of law; thus, it is reviewed de novo. Miss. Methodist Hosp. and Rehab. Ctr. v. Miss. Div. of Medicaid, 21 So.Bd 600, 606 (Miss.2009). We have held that, unless an agency’s interpretation of a statute “is repugnant to the plain meaning thereof, [the courts are] to defer to the agency’s interpretation.” Queen City Nursing Center, Inc. v. Miss. State Dep’t of Health, 80 So.3d 73, 84 (Miss.2011) (quoting Ricks v. Miss. State Dep’t of Health, 719 So.2d 173, 179 (Miss.1998)). This does not mean that we “yield judgment or opinion” to an agency’s statutory interpretation; indeed, “[t]he ultimate authority and responsibility to interpret the law, including statutes, rests with this Court.” Id. Rather, when determining the most reasonable and appropriate interpretation of a statute, “the agency’s interpretation is an important factor that usually warrants strong consideration.” Id. We will not, however, give deference to an agency’s statutory interpretation if it is so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, or contrary to the unambiguous language or best reading of a statute. Dialysis Solution, LLC v. Miss. State Dep’t of Health, 31 So.3d 1204, 1211 (Miss. 2010). Further, when a statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. Miss. Methodist Hosp. and Rehab. Ctr., Inc. v. Miss. Div. of Medicaid, 21 So.3d 600, 607 (Miss.2009).
¶ 10. In his analysis of the legal issues, Judge Thomas found that the DOH’s interpretation of Section 41 — 7—191 (4)(a)(iii) was not contrary to the plain meaning thereof. We agree. A plain reading of Section 41-7 — 191(4)(a)(iii), irrespective of the 2001 amendment, clearly provides that the Legislature intended to allow up to twenty adolescent psychiatric beds in Warren County, despite the moratorium, and the DOH’s interpretation of this Section effectuates that clear purpose. As the chancery court held, the interpretation proposed by Diamond Grove would result in the opposite, preventing the addition of any such beds in Warren County. Accordingly, we find that the DOH’s interpretation of the relevant statute at issue is reasonable, and it is not “repugnant” to the plain meaning thereof. Queen City Nursing Center, Inc. v. Miss. State Dep’t of Health, 80 So.3d 73, 84 (Miss.2011). Diamond Grove’s contention that the DOH is barred from issuing a CON under Mississippi Code Section 41-7-191(4)(a)(iii) is without merit.
CONCLUSION
¶ 11. For these reasons, we affirm the decision of the DOH and the Hinds County Chancery Court.
¶ 12. AFFIRMED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR.

. See Brentwood Health Mgmt. of Miss. v. Miss. State Dep’t of Health, 29 So.3d 775 (Miss.Ct.App.2009), cert. denied, 29 So.3d 774 (Miss.2010).