# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2014-CA-01685-SCT

*MISSISSIPPI DEPARTMENT OF REVENUE*

*v.*

*HOTEL AND RESTAURANT SUPPLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/05/2014 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | BRIDGETTE TRENETTE THOMAS |
| | DAVID J. CALDWELL |
| | LAURA HUDDLESTON CARTER |
| | ABIGAIL MARSHALL MARBURY |
| ATTORNEYS FOR APPELLEE: | TAYLOR BRANTLEY McNEEL |
| | LEONARD D. VAN SLYKE, JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/10/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Department of Revenue (MDOR) audited Hotel and Restaurant

Supply (Hotel) and concluded that Hotel owed hundreds of thousands of dollars in underpaid

sales tax.  Hotel appealed the assessment to MDOR's Board of Review, which upheld the

assessment but reduced the amount owed.  Hotel appealed to the Mississippi Board of Tax

Appeals (MBTA), and MBTA abated the assessment in full.  MDOR appealed MBTA's

decision to the Hinds County Chancery Court.  Both parties filed motions for summary

judgment, and the chancery court granted Hotel's motion. MDOR appealed the chancery court's decision to grant Hotel's motion for summary judgment. We hold that MDOR's interpretation of the statutes at issue in the present case was not the best reading of the statutes; therefore, we affirm the chancery court's grant of Hotel's motion for summary judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. Hotel and Restaurant Supply sells commercial kitchen equipment and related supplies to contractors for use in businesses. State statute allows for a contractor's sales tax of 3.5% as opposed to the standard 7% sales tax, provided that the sale is made under a materials purchase certificate and the items become a component part of the structure the contractor is building. *See* Miss. Code Ann. § 27-65-21 (Rev. 2016). MDOR audited Hotel and determined that Hotel should have charged a 7% sales tax on certain sales that, in MDOR's opinion, were not for items that became a component part as required by statute. According to the audit, Hotel owed $294,169. Following the audit, MDOR found additional invoices and raised the total owed to $422,651. Hotel appealed the assessment to MDOR's Board of Review, which upheld the assessment but reduced the amount owed to $408,740.

¶3. Next, Hotel appealed to MBTA, which absolved Hotel from the assessment in full. MDOR, as the aggrieved party, then appealed to the Hinds County Chancery Court pursuant to Mississippi Code Section 27-77-7. Hotel filed a motion for summary judgment, or in the alternative, a motion for a declaratory judgment, to which MDOR responded and filed its own motion for summary judgment or declaratory judgment. On June 13, 2014, the chancery

2

court heard the parties' motions for summary judgment. In granting summary judgment in favor of Hotel, the chancery court explained that it would not defer to either the Board of Review or MBTA because both are administrative agencies entitled to deference; therefore, the chancery court found it was impossible to give deference to one when the decisions are in conflict. The chancery court stated: "[A]ppellate courts cannot simultaneously defer to two (2) conflicting decisions." The chancery court went on to analyze whether MDOR had proven that MBTA's decision was unsupported by substantial evidence, was arbitrary and capricious, was beyond its power to make, or violated MDOR's constitutional or statutory rights. *See Equifax, Inc. v. Miss. Dep't of Revenue*, 125 So. 3d 36, 41 (¶10) (Miss. 2013). The chancery court found that MDOR had provided no evidence that MBTA's decision was unsupported by substantial evidence and that MDOR never had challenged MBTA's decision utilizing the other avenues– i.e., that it was arbitrary and capricious, beyond its power to make, or a violation of a constitutional or statutory right. Based on its analysis, the chancery court found in favor of Hotel, and MDOR filed the present appeal.

¶4. On appeal, MDOR argues that the chancery court applied an incorrect standard of review to appeals under Mississippi Code Section 27-77-7, and that application of the proper standard of review entitles MDOR to summary judgment relief.

## ANALYSIS

¶5. Mississippi Code Section 27-77-7(5) provides the process and standard of review for chancery court review of MDOR and MBTA decisions, and issues related to such are questions of law. *See Equifax*, 125 So. 3d at 41 (¶7). As customary, questions of law are

3

reviewed de novo. *Id.* (citation omitted). Further,"[a] de novo standard is applied when the Court reviews a chancery court's grant or denial of summary judgment." ***Miss. Dep't of Revenue v. Isle of Capri Casinos, Inc.***, 131 So. 3d 1192, 1194 (¶5) (Miss. 2014) (citing ***In re Guardianship of Duckett***, 991 So. 2d 1165, 1173 (¶15) (Miss. 2008)).

¶6.     MDOR's appeal is based on the chancery court's interpretation of Section 27-77-7, which provides the judicial-review procedure for tax appeals. The Legislature amended Section 27-77-7 in 2014, and MDOR argues that the prior version is the version applicable to the present case; whereas Hotel claims that the amended statute should be taken into consideration. Prior to the amendment, Section 27-77-7(5) read, in pertinent part: "[T]he chancery court shall give deference to the decision and interpretation of law and regulations by the Department of Revenue as it does with the decisions and interpretation of any administrative agency, but it shall try the case de novo and conduct a full evidentiary hearing on the issues raised." The amendment, effective January 1, 2015, changed the language as follows:

> [T]he chancery court shall give no deference to the decision of the Board of Tax Appeals, the Board of Review[,] or the Department of Revenue, but shall give deference to the department's interpretation and application of the statutes as reflected in duly enacted regulations and other officially adopted publications. The chancery court shall try the case de novo and conduct a full evidentiary judicial hearing on all factual and legal issues raised by the taxpayer which address the substantive or procedural propriety of the actions of the Department of Revenue being appealed.

Miss. Code Ann. § 27-77-7(5) (Supp. 2015).[1]

---

[1] *But see* ***Diamond Grove Ctr., LLC v. Mississippi Dep't of Health***, 98 So. 3d 1068, 1072 (¶9) (Miss. 2012) (quoting ***Queen City Nursing Center, Inc. v. Mississippi State Dep't of Health***, 80 So. 3d 73, 84 (¶28) (Miss. 2011))  ("This does not mean that we 'yield

¶7.    MDOR argues that the prior version of the statute should control; therefore, the chancery court should have deferred to MDOR's decision and interpretation of the statute. Hotel argues that, since MBTA also is an administrative agency, its decision should also be afforded deference; however, even if MBTA is not entitled to deference, Hotel argues that, in light of the 2014 amendment, MDOR's decision also is not entitled to deference. The parties presented the chancery court similar arguments, and the chancery court concluded that, since both MDOR and MBTA are administrative agencies, decisions of both are afforded deference. However, the chancery court explained that deferring to both posed a serious issue when MDOR and MBTA presented conflicting decisions, since it would be impossible to defer to two conflicting decisions. Then, considering the 2014 amendment,[2] the chancery court said it would not defer to MDOR's or MBTA's decisions.

¶8.    We conclude that the issue of deference in the present case is of no moment because MDOR's interpretation of the underlying statutes still is reviewed de novo, as it is a matter of law. *See* ***Buffington v. Miss. State Tax Comm'n***, 43 So. 3d 450, 453-4 (¶12) (Miss. 2010) (quoting ***Miss. Methodist Hosp. and Rehab. Ctr., Inc. v. Miss. Div. of Medicaid***, 21 So. 3d 600, 606 (¶15) (Miss. 2009)).

> An agency's interpretation of a rule or statute governing the agency's operation is a matter of law that is reviewed de novo, but with great deference

judgment or opinion' to an agency's statutory interpretation; indeed, '[t]he ultimate authority and responsibility to interpret the law, including statutes, rests with this Court.'")

[2] The chancery court relied on ***USPCI of Mississippi, Inc v. State ex rel. McGowan***, 688 So. 2d 783, 787 (Miss. 1997) (quoting ***Bell v. Mitchell***, 592 So. 2d 528, 532 (Miss. 1991)) for the premise that, even though the 2014 amendment was not in effect at the time, "[w]hen cases are in the bosom of this Court, we take that modification into consideration."

> to the agency's interpretation. . . . *However, if an agency's interpretation is contrary to the unambiguous terms or best reading of a statute, no deference is due. An agency's interpretation will not be upheld if it is so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.*

*Id.* MDOR's interpretation of the statute "is contrary to the unambiguous terms or best reading of a statute[;]" therefore, such interpretation is not entitled to deference anyway. *Id.* Additionally, "[i]t is well established that revenue laws are to be strictly construed against the taxing power and that all ambiguities or doubts should be resolved in favor of the taxpayer." *State Tax Comm'n v. Edmondson*, 196 So. 2d 873, 875 (Miss. 1967) (citation omitted).

¶9.    There are actually four statutes at play in the present case. First, Section 27-65-17(1)(a) provides that a 7% tax "of the gross proceeds of the retail sales of the business" shall be collected from all persons engaging in the business of selling tangible personal property. Miss. Code Ann. § 27-65-17(1)(a) (Supp. 2015). Then, Section 27-65-31 provides that "[a]ny person liable for a privilege tax levied and assessed by this chapter except the taxes levied by Section[] . . . 27-65-21 . . . shall add the amount of such tax due by him to the sales price or gross income and, in addition thereto, shall collect, insofar as practicable, the amount of tax due by him from the purchaser at the time the sales price or gross income is collected." Miss. Code Ann. § 27-65-31 (Supp. 2015). MDOR relies upon the two statutes to show that Hotel should have collected 7% sales tax regardless of whether a contractor presented a material purchase certificate. However, the next statute is Section 27-65-21, which deals with what is known as the contractors' tax. According to Section 27-65-21(1)(a)(i), a

6

contractor is assessed a 3.5% tax "of the total contract price or compensation received. . . . The tax imposed in this section is levied upon the prime contractor and shall be paid by him." Miss. Code Ann. § 25-65-21(1)(a)(i) (Supp. 2015). Further, if the prime contractor sublets any work, "each subcontractor performing any part of said work shall be liable for the amount of the tax which accrues on the account of the work performed by such person when the tax . . . imposed has not been paid upon the whole contract by the prime contractor." Miss. Code Ann. § 27-65-21(3) (Supp. 2015). Importantly, the statute explains that any person entering a contract of more than $75,000 shall pay the contractors' tax in advance or file a bond with MDOR, and payment of either the tax in advance or the bond is a prerequisite to beginning work on the contract. *Id.* Lastly and significantly, the statute provides: "Any person liable for a tax under this section may apply for and obtain a material purchase certificate from the commissioner which may entitle the holder to purchase materials and services that are to become a component part of the structure to be erected or repaired *with no tax due*." *Id.* (emphasis added). The final statute is Section 27-65-3(m), which tracks Section 27-65-21 by explaining that when a material purchase certificate is issued by the commissioner, the holder is entitled to purchase the materials and services that become components of the structure "*with no tax due*." Miss. Code Ann. § 25-65-3(m) (Supp. 2015). Section 27-65-3(m) further explains that if a contractor with a material purchase certificate "at any time pays sales tax on these purchases [the contractor] may . . . take a credit against his sales taxes for the sales tax paid on these purchases if proper

7

documentation exists to substantiate the payment of the sales tax on the purchase of component materials and services."

¶10. Reviewing the statutes in conjunction with one another, the only reasonable reading is as follows: In general, Sections 27-65-17 and 27-65-31 require a business owner to charge and collect 7% sales tax on tangible personal property sold. Section 27-65-31– which requires, "insofar as practicable," the seller to collect the amount of sales tax from the purchaser at the time of the sale– explicitly excludes taxes assessed under Section 27-65-21, which are the taxes at issue in the present case. Therefore, Section 27-65-21 trumps Hotel's duty under Section 27-65-31 to collect the taxes at the time of sale. In fact, it appears Section 27-65-21 obviates Hotel's responsibility of charging *any* sales tax at the time of the sale if the contractor provides a valid material purchase certificate. No language in any of the discussed statutes or any MDOR rule or regulation requires Hotel to inquire about whether certain items should or should not be purchased under a material purchase certificate, i.e., whether a material purchase certificate is being misused by a contractor. The onus of complying with the statutes is placed clearly on the contractor who obtains the material purchase certificate. MDOR's real issue should be with the contractor who misuses the material purchase certificate to purchase items that are not or do not become components of the structure as required by statute. MDOR can audit the contractor– the person with the best knowledge about how purchases were used– and have the contractor pay the correct amount. MBTA's decision provides a similar conclusion:

> The [MDOR]'s regulation provides that the contractor may make tax-free purchases of material that will become a component part of the structure

8

covered by that [material purchase certificate] number. Thus the contractor, not [Hotel], is the party which makes the determination as to whether a particular item purchased . . . will become a component part of the structure. . . . Furthermore, the [MBTA] believes that it is a wide-spread practice for [material purchase certificate] holders to purchase numerous items for projects under the applicable [material purchase certificate] and to self-report those items which do not become component materials of the job.

¶11. In conclusion, though the bulk of the parties' briefs focus on the initial deference issue, the deference issue is not dispositive, since MDOR's interpretation of the statutes involved is not the best reading of the statute, and such interpretation is not entitled to deference anyway. *See **Jones Cty. Sch. Dist. v. Dep't of Revenue***, 111 So. 3d 588, 597-8 (¶33) (Miss. 2013) ( "[E]ven though an 'agency's interpretation is an important factor that usually warrants strong consideration,' the Court does not defer to an agency's interpretation in the sense that it yields judgment or opinion. . . . Further, no deference is due if the 'agency's interpretation is contrary to the unambiguous terms or best reading of a statute.'"). For the reasons discussed above, we hold that MDOR's reading of the statute is not the best reading of the statute.

## CONCLUSION

¶12. Therefore, we affirm the chancery court's grant of summary judgment in favor of Hotel.

¶13. **AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, MAXWELL AND BEAM, JJ., CONCUR.**