# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01676-COA

MAJEEDAH SHARRIEFF, LYNNESE BUTLER, THE HEIRS AND ESTATE OF NAOMI BROWN, NUTROSALYN BUTLER AND MIQUAL BROWN

APPELLANTS

v.

DBA AUTOMOTIVE TWO, LLC D/B/A LEGACY C-D-J

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/31/2016 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | JOHN B. GSANGER |
| | MARY BARNETTE COTTON |
| | JOHN DAVIDSON |
| ATTORNEY FOR APPELLEE: | MICHAEL WAYNE BAXTER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 04/03/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Majeedah Sharrieff and four passengers were traveling north on Interstate 55 (I-55) near McDowell Road in Jackson when the left rear tire on Sharrieff's 2003 Isuzu Ascender experienced a complete tread separation. As a result of the separation, Sharrieff lost control of the vehicle, and the vehicle overturned and crashed. Sharrieff and her passengers subsequently filed suit in Hinds County Circuit Court against Michelin North America/B.F. Goodrich ("Michelin"), which manufactured the tire, and DBA Automotive Two LLC D/B/A

Legacy C-D-J ("Legacy"), which sold the Isuzu to Sharrieff in 2007 and placed two new tires on the vehicle near the time of sale. The plaintiffs alleged that the Michelin tire was defectively designed and manufactured. They also alleged that Legacy negligently mounted the two new tires on the front of the vehicle and that industry safety standards required Legacy to mount the new tires on the rear of the vehicle.

¶2. Legacy subsequently moved for summary judgment. The circuit court granted the motion after concluding that there was no evidence that Legacy negligently breached any duty to the plaintiffs or that any alleged breach proximately caused the plaintiffs' injuries. The plaintiffs later settled their claims against Michelin and then appealed from the judgment entered in favor of Legacy. For the reasons discussed below, we agree with the circuit court that the plaintiffs failed to create a genuine issue of material fact as to whether Legacy's alleged negligence proximately caused their injuries. Therefore, we affirm the circuit court's order granting summary judgment on that ground.

## FACTS AND PROCEDURAL HISTORY

¶3. On March 16, 2007, Sharrieff bought a used 2003 Isuzu Ascender from Legacy, a used car dealership in Brookhaven. Near the time of the sale, Legacy replaced two of the tires on the Isuzu with new tires. Legacy mounted the two new tires on the front of the vehicle and did not replace the tires on the rear. Sharrieff did not have any issues with the car or the tires prior to the crash at issue in this case, which occurred more than two years later. During that time, Sharrieff put over 13,000 miles on the Isuzu without rotating or

changing any of the tires.

¶4.    On May 22, 2009, Sharrieff and the other plaintiffs were traveling on I-55 North in Jackson near McDowell Road when the Isuzu's rear left tire experienced a complete tread separation. The tread separation caused the Isuzu to pull to the left, and Sharrieff responded by steering right. However, the tread separation caused the vehicle to "oversteer," meaning that it was more sensitive to steer inputs and harder for the driver to control. As a result, Sharrieff lost control of the vehicle, and the vehicle overturned before coming to rest off the right side of the interstate.

¶5.    The plaintiffs subsequently filed suit against Michelin and Legacy in circuit court. As to Legacy, they alleged that the new Michelin tires should have been placed on the rear of the vehicle rather than on the front.[1] The plaintiffs hired two accident reconstruction experts and one tire expert. When asked to identify the proximate cause of the crash, all three experts identified the tread separation and blamed Michelin.

¶6.    Legacy filed for summary judgment, arguing (1) that no law or regulation required a car dealer to place better tires on a vehicle's rear wheels and (2) that there was no evidence to show that its placement of the new tires on the front of the vehicle proximately caused the plaintiffs' injuries. In response, the plaintiffs argued that all of the experts, including Legacy's own expert, agreed that newer, better tires should be placed on the rear of a vehicle.

---

[1] The plaintiffs also alleged that Legacy negligently failed to certify that the vehicle was safe before selling it and that Legacy had a duty to replace all four tires on the vehicle, not just two. The plaintiffs eventually abandoned those claims.

3

The plaintiffs also argued that Legacy's negligent placement of the new tires contributed to the oversteer condition, which caused the crash and their injuries.

¶7.  The circuit court concluded that the plaintiffs failed to create a genuine issue of material fact as to either negligence or proximate causation.  Therefore, the court granted summary judgment in favor of Legacy.  After the plaintiffs settled their claims against Michelin, they filed a timely notice of appeal.

**ANALYSIS**

¶8.  We review an order granting summary judgment de novo.  *Miss. Dep't of Revenue v. Hotel & Rest. Supply*, 192 So. 3d 942, 945 (¶5) (Miss. 2016).  A party is entitled to summary judgment if the record shows both that there is no genuine issue of material fact and that the party is entitled to a judgment as a matter of law.  M.R.C.P. 56(c).  We review the summary judgment record in the light most favorable to the nonmoving party.  *Thomas v. Chevron U.S.A. Inc.*, 212 So. 3d 58, 60 (¶7) (Miss. 2017).  However, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response . . . must set forth specific facts showing that there is a genuine issue for trial."  M.R.C.P. 56(e).

¶9.  To prevail on a claim for negligence, a plaintiff "must show a) the *duty* owed him by the [defendant]; b) a *breach* of that duty; c) damages; and d) a causal connection between the breach and the damages, such that the breach is the *proximate cause* of his injuries."  *Crain v. Cleveland Lodge 1532, Order of Moose Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994).  "To withstand summary judgment, the party opposing the motion must present sufficient proof

to establish each element of each claim." *Morton v. City of Shelby*, 984 So. 2d 323, 330 (¶17) (Miss. Ct. App. 2007).

¶10.    The circuit court ruled, as a matter of law, that Legacy had no duty to the plaintiffs with respect to tire placement.  The circuit court reasoned that the plaintiffs presented evidence only of a "general recommendation in the tire industry," not a legal duty; and because there was no duty, there could be no breach.  The circuit court also ruled that there was no genuine issue of material fact and that the proximate cause of the accident was the tire tread separation, not tire placement.  We affirm on the issue of proximate causation.

¶11.    "In any tort case, identifying and proving the source of the harm that proximately caused a plaintiff's injuries is essential." *Johnson & Johnson Inc. v. Fortenberry*, 234 So. 3d 381, 403 (¶78) (Miss. 2017).  "Proximate cause of an injury is that cause which in natural and continuous sequence unbroken by any efficient intervening cause produces the injury and without which the result would not have occurred." *Delahoussaye v. Mary Mahoney's Inc.*, 783 So. 2d 666, 671 (¶13) (Miss. 2001).  "In order for an act of negligence to proximately cause the damage, the fact finder must find that the negligence was both the cause in fact and legal cause of the damage." *Glover ex rel. Glover v. Jackson State Univ.*, 968 So. 2d 1267, 1277 (¶31) (Miss. 2007).

¶12.    When a plaintiff's injuries are brought about by the actions of multiple tortfeasors, a defendant's negligence is considered the cause in fact if it "was a substantial [contributing] factor in bringing about the harm." *Glenn v. Peoples*, 185 So. 3d 981, 986 (¶19) (Miss.

5

2015) (quoting *Glover*, 968 So. 2d at 1277 n.11). "The plaintiffs bear the burden of proof on the issue of causation and must 'introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough.'" *Rowan v. Kia Motors Am. Inc.*, 16 So. 3d 62, 66 (¶12) (Miss. Ct. App. 2009) (quoting *Herrington v. Leaf River Forest Prods. Inc.*, 733 So. 2d 774, 777 (¶10) (Miss. 1999)). "A defendant's negligence which is found to be the cause in fact of a plaintiff's damage will also be the legal cause of that damage, provided the damage is the type, or within the classification, of damage the negligent actor should reasonably expect (or foresee) to result from the negligent act." *Glover*, 968 So. 2d at 1277 (¶33).

¶13. In the present case, the tire that failed was one of the older tires mounted on the rear of the Isuzu. There is no allegation or evidence that the tire tread separated because it was on the rear of the car rather than on the front. Indeed, there is no allegation or evidence that Legacy is in any way to blame or at fault for the tread separation. Rather, the plaintiffs' allegation is that tire placement caused or contributed to the "oversteer" event that resulted from the tread separation.

¶14. Yet, as noted above, none of the plaintiffs' experts identified tire placement as a proximate cause of the crash. They all blamed the tread separation. Moreover, the testimony of Stephen Arndt, the plaintiffs' primary accident reconstruction expert, directly contradicts plaintiffs' claim against Legacy. Arndt gave the following testimony about what would have

6

occurred if the newer tires had been mounted on the rear of the vehicle, rather than the front, and the tread separation had occurred on the front left tire:

> If you have a . . . tread separation on the left front [tire], the first part that happens is the vehicle pulls to the left, not unlike what happens in the rear. So both those two things are similar except for, if you have a front tire tread separation, it probably pulls more to the left than if it's on the rear and that because its on a steer axle, and you'll get a slight steer effect because of the drag at that left front position. So the effect is that it will pull more to the left if it occurs at the left front than it does at the left rear. So that's the first thing that happens.
>
> Now, the next thing that happens is dramatically different than the rear, and that is, instead of becoming very sensitive to steer inputs, the vehicle becomes very insensitive to steer inputs. So if the driver puts in what they think is an appropriate steer response to a left front separation, instead of it immediately going to the . . . right and spinning out, the vehicle continues to the left. It's very unresponsive. You have to put in a much greater steer than anticipated.
>
> And so you have a very different kind of event. You have an event of some kind, but it's different. Instead of spinning out to the right, the vehicle goes left, it's unresponsive, chances are it hits the [concrete] Jersey barrier, *and we don't know what happens*. It's a different event.

(Paragraph breaks omitted; emphasis added).

¶15.   Thus, to summarize, Arndt testified that a tread separation on the front left tire likely would have caused the vehicle to (1) "pull more to the left," (2) "become[] very insensitive to steer inputs," (3) "continue[] to the left," and (4) hit the concrete barrier in the middle of I-55. To put this testimony in context, the plaintiffs were traveling on I-55 North in Jackson in heavy traffic, Sharrieff was in the left lane because she had just passed another car, and she was driving between sixty and seventy miles per hour. The plaintiffs' lane was separated from oncoming traffic on I-55 South by only a concrete barrier. In this context, testimony

7

that a different tire placement would have resulted in an "event of some kind" but a "different kind of event" is unhelpful, and it is insufficient to create a genuine issue of material fact.

¶16. The plaintiffs offered no evidence as to what would have followed if the Isuzu had collided with the concrete barrier at a speed of sixty to seventy miles per hour. Indeed, Arndt admitted that "we don't know what [would have] happen[ed]" in that scenario. Nor is there any evidence that the crash or the plaintiffs' injuries would have been any less serious in that scenario.[2] In fact, Arndt's expert report recognized that a collision with "the concrete Jersey barrier separating north and southbound travel lanes" would have "pos[ed] a threat to [Sharrieff], her passengers, and other roadway users."

¶17. Testimony that the crash would have been "different" in some way—but "we don't know" how—is insufficient to create a genuine issue of material fact. The circuit court correctly recognized that the plaintiffs failed to produce "evidence which affords a reasonable basis for the conclusion that it is more likely than not that [Legacy's] conduct . . . was a cause in fact of the result. A mere possibility of such causation is not enough." *Rowan*, 16 So. 3d at 66 (¶12) (quoting *Herrington*, 733 So. 2d at 777 (¶10)). Therefore, the circuit court properly granted summary judgment for Legacy on the issue of causation.[3]

---

[2] Indeed, the record on appeal does not disclose what injuries the plaintiffs experienced or how they were injured during the crash.

[3] Because we affirm on the ground that the plaintiffs failed to present evidence that tire placement was the cause in fact of their injuries, we need not address the issues of legal causation (foreseeability), duty, or breach (negligence).

¶18.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**