# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2024-IA-01152-SCT

*SAMUEL MARTIN MILLETTE, III*

*v.*

*MARCUS DESHAWN BURGER, NLWH LLC, FML LLC, TONYATTA HAIRSTON, FELIX ALLEN LLC, NATHAN McHARDY, RED WORM CAPITAL LLC, FIRE WHEEL LLC, WINSTON THOMPSON, CROPSHARE LLC, BRANDON BAGGETT, BBG INVESTMENTS LLC, SALO INVESTMENTS LLC, JAY BAKER, JAY BIRD INVESTMENTS LLC, JENNIFER BREAUX, BREAUX-CORREA LLC, JOHN BURNS, HIGH TIMES LLC, HIGH TIMES TWO LLC, KIMBERLY HARDY, GENERATIONAL WEALTH INVESTMENTS LLC, PALO GISCOMBE, CHRISTIAN GROFF, PETIT BOIS 68 LLC, ZACHARY HARVEY, 2901 INVESTMENTS LLC, KEVIN MERRITT, SOLID FUEL LLC, PATRICK TAYLOR AND DFT CAPITAL LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/02/2024 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| TRIAL COURT ATTORNEYS: | BRENT B. BARRIERE |
| | KAJA S. ELMER |
| | BENJAMIN D. CHASTAIN |
| | ALYSSON LEIGH MILLS |
| | BENJAMIN DWYER WEST |
| | O. STEPHEN MONTAGNET, III |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | O. STEPHEN MONTAGNET, III |
| ATTORNEY FOR APPELLEES: | ALYSSON LEIGH MILLS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 06/11/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**GRIFFIS, JUSTICE, FOR THE COURT:**

¶1.     This interlocutory appeal concerns the propriety and authority of the reassignment of a case to a special judge.  Without an order of reassignment, we find the specially appointed judge had no authority in this case.  Therefore, we reverse and remand this case for further proceedings before the properly assigned circuit-court judge.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 3, 2024, the plaintiffs[1] filed a complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi, against the defendants.[2]  Upon filing, the case was assigned to circuit-court judge Debra Gibbs. The complaint asserted claims for misuse, misappropriation, and conflicts of interest in the investment known as Mockingbird Cannabis LLC, a Mississippi medical-marijuana manufacturer.

¶3.     The original complaint was not served on the defendants.  Instead, the plaintiffs anticipated filing an amended complaint.  Nevertheless, on September 11, 2024, Defendant Millette filed a motion to compel arbitration and to dismiss the case.

¶4.     On September 18, 2024, Millette filed a motion to stay proceedings pending arbitration.  Millette argued that his motion to compel arbitration suspended all proceedings, and as such, no further litigation should be permitted until the arbitration issue was

---

[1] Plaintiffs include Marcus D. Burger, NLWH LLC, and FML LLC; Tonyatta Hairston and Felix Allen LLC; Nathan McHardy, Red Worm Capital LLC, and Fire Wheel LLC; and Winston Thompson and Cropshare LLC (collectively, the plaintiffs).

[2] Defendants include Clint Patterson, Ralph Charles Wilkin, Andrew Warren Bunch, Marcy Bryan Croft, Erik Knutson, Samuel Martin Millette III, John David Cosmich, Richard Allen Brown, Chuck Josenhans, and John Does 1, 2, and 3 (collectively, the defendants).

determined. A hearing on Millette's motions was set for November 21, 2024.

¶5. The plaintiffs filed a motion for leave to file an amended complaint[3] as well as a response in opposition to Millette's motions.

¶6. Without a hearing, on October 2, 2024, specially appointed circuit-court judge Barry Ford signed an order that granted the plaintiffs' motion for leave to amend.

¶7. Confusion ensued due to the entry of the order granting leave to amend. Millette questioned Judge Ford's execution of the order. Millette asked the court administrator for clarification, and the assistant court administrator responded that the case had been transferred to Judge Ford.

¶8. Millette opposed the reassignment and argued that leave to amend should not have been granted after his motions to compel arbitration and to stay proceedings were filed. Millette filed a petition for interlocutory appeal, mandamus, and to stay proceedings. This Court granted Millette's petition for an interlocutory appeal.

**STANDARD OF REVIEW**

¶9. This Court reviews questions of law *de novo*. *Safeco Ins. Co. of Am. v. State ex rel.*

---

[3] The plaintiffs' amended complaint added twenty-one new plaintiffs, dropped two defendants, and added two defendants. The amended complaint clarified the structure of investment scheme, which the plaintiffs alleged was a pyramid scheme with investors at the bottom reliant on middlemen to receive information from the top. The amended complaint also acknowledged the hindrance of the Mississippi Supreme Court's May 2021 decision halting the creation of medical-marijuana programs in the state but argued that this decision did not excuse the lack of communication and misappropriation of funds. *See Butler v. Watson (In re Initiative Measure No. 65)*, 338 So. 3d 599, 615 (Miss. 2021).

3

*Hood*, 363 So. 3d 617, 621 (Miss. 2019) (quoting *Miss. Dep't of Revenue v. Hotel & Rest. Supply*, 192 So. 3d 942, 945 (Miss. 2016)).

**DISCUSSION**

¶10.   The issue for the Court to decide is whether specially appointed circuit-court judge Barry Ford had the authority to execute the October 2, 2024 order that granted the plaintiffs' motion for leave to amend.

¶11.   On February 21, 2024, Chief Justice Michael K. Randolph entered an order that appointed senior-status judge Barry Ford as a special judge of the Seventh Circuit Court District, Subdistrict Two, of Mississippi.  The order stated:

> Pursuant to the authority under Mississippi Code Section 9-1-105(2) [(Rev. 2019)], and at the request of Judge Debra H. Gibbs, Seventh Circuit Court, Subdistrict Two, I appoint the Honorable Barry W. Ford, Senior Status Judge, as a Special Judge of the Seventh Circuit Court District, Subdistrict Two of Mississippi . . . the Honorable Barry W. Ford, Senior Status Judge, is hereby appointed as a Special Judge of the Seventh Circuit Court District Subdistrict Two of Mississippi to assist, preside, and enter judgment in cases *currently pending* in the Seventh Circuit Court District, Subdistrict Two.

(Emphasis added.)  Mississippi Code Section 9-1-105(2) provides:

> Upon the request of . . . the senior judge of a . . . circuit court district, . . . or upon his own motion, the Chief Justice of the Mississippi Supreme Court, with the advice and consent of a majority of the justices of the Mississippi Supreme Court, shall have the authority to appoint a special judge to serve on a *temporary basis* in a circuit . . . court in the event of an emergency or overcrowded docket. It shall be the duty of any special judge so appointed to assist the court to which he is assigned in the disposition of causes *so pending* in such court for *whatever period of time is designated* by the Chief Justice. The Chief Justice, in his discretion, may appoint the special judge to hear particular cases, a particular type of case, or a particular portion of the court's docket.

4

Miss. Code Ann. § 9-1-105(2) (Rev. 2019) (emphasis added).

¶12. The parties dispute the term of Judge Ford's appointment. The plaintiffs argue that Chief Justice Randolph's February 21, 2024 order granted Judge Ford authority to preside over the case. Millette counters that Judge Ford's authority extended only to cases pending at the time of the order. Millette reasons that the language "currently pending" restricts Judge Ford's authority to cases that were on the circuit court's docket as of the date of the order's filing—February 21, 2024. Thus, Millette contends that because this case was filed five months after the February 21 order was entered, it was not "currently pending."

¶13. The plaintiffs reason that the language "currently pending" should be read as "so pending," which is consistent with the language of Section 9-1-105(2). Under this interpretation, the plaintiffs insist that Judge Ford's authority would extend until the strain on the circuit court had been alleviated.

¶14. Section 9-1-105(2), however, allows specially appointed judges to serve only on a "temporary basis[.]" § 9-1-105(2). The plaintiffs' interpretation arguably extends a specially appointed judge's authority indefinitely, which clashes with the temporary nature of the appointment.[4]

---

[4] *Temporary* is defined as "lasting for a limited time." *Temporary*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/temporary (last visited May 28, 2026). *Indefinite* is defined as "having no exact limits." *Indefinite*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/indefinite (last visited May 28, 2026). Thus, by definition, a "*temporary* basis" cannot last *indefinitely*, as the term of appointment is limited. § 9-1-105(2) (emphasis added).

¶15.    The plaintiffs assert that the lack of restrictive language in the February 21 order, contrasted with the restrictive language of previous orders, implies that Judge Ford's authority is not limited to specific cases; rather, it extends until the purpose of alleviating an overcrowded docket is fulfilled. But the previous orders the plaintiffs refer to were filed on June 27, 2023, and November 20, 2023, and these orders specifically identified cases in which Judge Ford's assistance was needed.

¶16.    We find that the February 21, 2024 order did not specifically list the cases to be reassigned to or overseen by Judge Ford.  Instead, the order specifically stated that it applied to cases "currently pending" on February 21.  The Chief Justice's statutory authority under Section 9-1-105(2) specifically provides: "[t]he Chief Justice, in his discretion, may appoint the special judge to hear *particular cases*, a particular type of case, or *a particular portion of the court's docket*."  § 9-1-105(2) (emphasis added).  The June 27, 2023 and November 20, 2023 orders appointed Judge Ford to hear "particular cases," while the February 21, 2024 order appointed Judge Ford to hear "a particular portion of the court's docket"—those cases that were then pending in the court.

¶17.    The February 21, 2024 order does not imply an open-ended term as the plaintiffs seem to contend.  Instead, consistent with the authority of Section 9-1-105(2), Judge Ford's authority was limited to cases that were pending in the circuit court on February 21, 2024. Accordingly, we find that Judge Ford had no authority to enter the order that granted the plaintiffs leave to amend the complaint or to consider any motions filed in this case.

6

Therefore, we reverse and remand this case for further proceedings before the properly assigned circuit-court judge.

¶18.    Based on these findings, the remaining issue raised by Millette in his petition for interlocutory appeal is moot.  This case is reversed and remanded for further proceedings consistent with this decision.

¶19.    **REVERSED AND REMANDED.**

**KING AND COLEMAN, P.JJ., ISHEE AND BRANNING, JJ., CONCUR. RANDOLPH, C.J., AND SULLIVAN, J., NOT PARTICIPATING.**