982 So.2d 1010 (2008)
Miles BROADWAY, Appellant
v.
INTERNATIONAL PAPER, INC., Appellee.
No. 2007-WC-00104-COA.
Court of Appeals of Mississippi.
May 20, 2008.
*1011 Roger K. Doolittle, Jackson, attorney for appellant.
William A. Patterson, Jackson, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. The Mississippi Workers' Compensation Commission ("Commission") denied Miles Broadway's motion to reopen the record. Broadway appealed the Commission's judgment to the circuit court, and the circuit court affirmed. Broadway argues that the Commission erred because the Commission had jurisdiction over his claim, and he had experienced a change in condition.

FACTS
¶ 2. In 1992, the Commission affirmed the administrative law judge's ("ALJ") decision to award Broadway compensation for a back injury he sustained while employed with International Paper, Inc. ("IP"). The ALJ awarded Broadway reasonable and necessary medical expenses, but the ALJ did not find that Broadway sustained a loss of wage-earning capacity. Since then, Broadway has continued to receive medical benefits in the form of payments for monthly prescriptions. IP has never filed a form B-31 in this case. Broadway continued to work for IP, in another position, until he was laid off when the plant in Moss Point, Mississippi closed. There was no appeal from the Commission's order.
¶ 3. After the IP plant closed, Broadway filed a motion to reopen the record, on July 26, 2001. At the hearing before the ALJ, neither Broadway nor IP presented any evidence. The ALJ found that the motion was "not well taken" and did not make any specific findings of fact or conclusions of law. On appeal to the Commission, again neither Broadway nor IP presented any evidence. The Commission's order did not state any specific findings of fact or conclusions of law.[1] Broadway appealed this decision to the Circuit Court of Jackson County, and the court affirmed the Commission.

ANALYSIS
I. Did the Commission retain jurisdiction over the case?
¶ 4. "[T]he decision to reopen a case is within the Commission's discretion." Staples v. Blue Cross & Blue Shield, Inc., 585 So.2d 747, 749 (Miss.1991). However, the two issues brought before this Court in *1012 this case are not questions of fact. Instead, we are presented with questions of statutory interpretation, which are questions of law. Therefore, the standard of review in this case is de novo. Russell v. Performance Toyota, Inc., 826 So.2d 719, 721(¶ 5) (Miss.2002).
¶ 5. Broadway's first argument is that the Commission erred because it dismissed his motion even though the statute of limitations had not expired. IP counters that the Commission was correct to dismiss the motion because it was time-barred.
¶ 6. The applicable statute of limitations, where a claimant seeks to reopen the record in a previously adjudicated case, is found in Mississippi Code Annotated section 71-3-53 (Rev.2000):
upon the application of any party in interest on the ground of a change in conditions . . . the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
(Emphasis added). Broadway claims this statute permits his motion because he continued to receive compensation in the form of his filled prescriptions and because IP failed to file a form B-31.
¶ 7. In Taylor v. Salvation Army-Pascagoula Corps, 744 So.2d 825, 827-28(¶ 6) (Miss.Ct.App.1999), this Court held that "[t]he one-year statute of § 71-3-53, which we must contend with today, operates elsewhere in conjunction with § 71-3-37(7), the Mississippi Workers' Compensation Commission's Procedural Rule 17, and the Commission's form B-31." Further, the Court stated:
Form B-31 (Report of Payment and Settlement Receipt) gives notice to the employee, as required by due process of law, that the employer considers its obligation at an end and that his/her rights to benefits may be lost if the matter remains dormant for the next year. WCC Procedural Rule 17. In other words, the statute begins running with its proper filing.
Id. at (¶ 8). Thus, even though fifteen years have passed since the Commission adjudicated Broadway's initial determination of benefits, the statute of limitations had not begun to run against Broadway, under section 71-3-53, because IP admitted that it never filed a form B-31.
¶ 8. Even if IP had filed a form B-31, Broadway would still be permitted to reopen his case because "[t]he one year period is tolled only by [Broadway] obtaining or [IP] furnishing medical benefits prior to the one year period in Miss.Code Ann. § 71-3-53," and IP had continuously furnished Broadway's prescription drugs. Id. at (¶ 9). Thus, IP's actions tolled the statute. Therefore, we find that the Commission had continuing jurisdiction over Broadway's claim, and Broadway had the right to move to have his claim reopened. However, we must next examine whether or not Broadway experienced a change in condition.
II. May an economic change be a change in condition under Mississippi Code Annotated section 71-3-53?
¶ 9. Broadway also argues that the Commission erred because it interpreted a "change in condition" under section 71-3-53 as restricted to a physical or mental change. IP argues that the Commission's order was correct because section 71-3-53 is limited to only physical and mental changes in condition.
*1013 ¶ 10. IP's interpretation is incorrect. The Mississippi Supreme Court has previously interpreted "a change in conditions" in section 71-3-53 to include "[a] change in the claimant's ability to get or to hold employment or to maintain prior economic levels . . . even though the physical condition may remain unchanged." N. Miss. Med. Ctr. v. Henton, 317 So.2d 373, 375 (Miss.1975). Thus, Broadway is correct in that the Commission may not dismiss a motion to reopen a case because a claimant alleges an economic change in condition instead of a mental or physical change in condition.
III. Did Broadway meet his burden of proof?
¶ 11. Normally, we would defer to the Commission's determination of whether or not Broadway met his burden of proof that he experienced a change in circumstances. However, administrative agencies may lose their highly deferential standard of review. Our supreme court has stated, "[i]f an agency does not disclose the reason upon which its decision is based, the courts will be usurped of their power of review over questions of law." McGowan v. Miss. State Oil & Gas Bd., 604 So.2d 312, 324 (Miss.1992) (citation omitted). "It is a logical and legal prerequisite to intelligent judicial review in these cases that the [Commission] favor us with more than mere conclusory findings." Id. "The [Commission] may, if it deems it appropriate, stand by its prior orders, provided only that it make more than conclusory `written findings of fact and conclusions of law setting forth the reasons for the [Commission's] decision.'" Id.
¶ 12. "The burden of proof for showing a change in conditions is on the party, whether claimant or employer, asserting the change. If a party cannot establish by a preponderance of the evidence that the claimant's condition has changed, then the petition to reopen should be denied and the original order maintained." Henton, 317 So.2d at 375 (citations omitted). When claimants are attempting to reopen their cases because of an economic change in condition they must "establish that [they] had been refused employment because of [their] disability." Id.
¶ 13. Broadway admits in his brief that no evidence or argument was presented to either the ALJ or the Commission. Indeed, after our review of the record, we find "no evidence that Broadway had been refused employment because of his disability." Because Broadway did not support his motion to reopen with any evidence that he experienced an economic change in condition, we must affirm the Commission's decision to deny Broadway's motion.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] In his brief, Broadway states that no evidence was presented or argument heard at either of these hearings, and we do not have a transcript of either hearing in the record.