MAXWELL, J„
for the Court:
¶ 1. While the doctrine of res judicata applies to Mississippi workers’ compensation claims, there is a statutory exception. Under Mississippi Code Annotated section 71-3-53 (Rev.2011), the Mississippi Workers’' Compensation Commission has discretionary authority to “terminate, continue, reinstate, increase, or decrease such compensation, or award compensation” in an otherwise-final compensation case. But it can only do so if there is either “a change in conditions or ... a mistake in a detei’-mination of fact.” Miss.Code Ann. § 71-3-53. This discretionary authority also has a time limit. The Commission may only review a compensation case “at any time prior to one (1) year after” the last payment of compensation or the rejection of a claim, but not after. Id
¶ 2. Our review here shows the Commission erred in rejecting Franciene Smith’s request to review her decade-old compensation award by misinterpreting section 71-3-53’s time limitation. Instead of reading section 71-3-53 as granting authority to reopen a case at “any time prior to one (1) year after 'date'of the last payment of compensation ... or at any time prior to one (1) year after the rejection of a claim,” the Commission ruled it could only reopen' a ease during the one year after the last payment of compensation or rejection of a claim. And because Smith’s claim had never been rejected nor had she received a final compensation payment— due to her ongoing medical bills — the Commission found section 71-3-53’s provisions had never been “triggered” So it ruled it had no statutory authority to avoid the preclusive effect of res judicata on Smith’s coihpensation award.
¶3. But the fact the one-year period had not yet been “triggered” actually leads to the opposite result. Smith filed her motion to reopen “prior to one (1) year after” her final compensation payment. Thus, under section 71-3-53, the Commission does have jurisdiction to review Smith’s case — that is, if it first finds Smith has shown her conditions have changed or her original award was based on a mistake of fact.
*875 ¶ 4; Because the Commission erroneously interpreted section 71-3-53, we must reverse the Commission’s order denying Smith’s request to reopen her case. We remand this case back to the Commission to decide if Smith proved a change in conditions that warrants reopening her claim.
Background Facts and Procedural History
/. 2002 Compensation Award
¶ 5. After a 2001 work-connected injury to her right shoulder, Smith filed a petition to controvert. In 2002, the administrative judge (AJ) found Smith had suffered a total loss of use of her upper-right extremity. This loss entitled her to permanent partial disability. But the AJ found “the record, as a whole, [did] not support a finding of permanent total disability despite the fact [Smith’s employer] terminated [Smith] and there is significant proof that [she] has pursued other employment unsuccessfully.” Instead, the- AJ found Smith was temporarily totally disabled for the days she did not work between June 9, 2001, and June 3, 2002. And she ordered Smith be compensated for this period. The AJ also ordered Smith’s employer and its insurance carrier to pay for all medical services and supplies connected to the injury.
¶ 6. Smith elected to receive her permanent partial disability and temporary total disability in a lump-sum payment. She received her final disability payment on June 29, 2004. And her employer, L.C. Industries, and its insurance carrier, Legion Insurance Company,[1] informed Smith of the finality of this payment. Though final notice of payment was given via Form B-31 filed with the Commission on December 10, 2004, the record-shows her employer and its carrier continued paying her injury-related medical expenses.

II. 2013 Request to Reopen

¶ 7. In May 2013, Smith filed a “motion to .reopen” her compensation case, citing two reasons why her case should be reopened. The first was that she had “required significant medical treatment since the [2002] hearing on the merits.” Her second given reason was her supposed inability “to perform , sustained gainful employment since the [Commission’s] prior order.” As she saw it, she had been “rendered permanently and totally disabled as a result of her work connected injury.” She asked the Commission to reopen her case and set a hearing so she could try to prove she is permanently and totally disabled.
¶ 8.- The AJ granted her request. But Smith’s employer appealed to the Commission, which reversed. • The Commission held that Smith’s claim was barred by res judicata, and because section 71-3-53 had never been “triggered,” the statutory exception did not apply.
¶ 9. Upset with the Commission’s decision, Smith timely appealed. See Miss. Code Ann. § 71-3-51 (Rev.2011) (conferring right to appeal to the Mississippi Supreme Court from a -final Commission order within thirty days of its entry).
Discussion

I. Commission’s Interpretation of Section 71-3-53

¶ 10. In appeals of Commission orders, this court’s standard of review is somewhere between de novo and deference. While the generally stated standard of review is, that “[a]n. agency’s interpreta *876 tion of its _ governing statutes is ... de novo,” our supreme court has said we must conduct this review “with deference to the agency’s interpretation.” Miss. State & Sch. Emps’ Life & Health Plan v. KCC, Inc., 108 So.3d 932, 939 (¶20) (Miss.2013). “[W]hen determining the most reasonable and appropriate interpretation of a statute, the agency’s interpretation is an important factor that usually warrants strong consideration.” Diamond Grove Ctr., LLC v. Miss. State Dep’t of Health, 98 So.3d 1068, 1071(9) (Miss.2012). So “unless an agency’s interpretation of a governing statute is repugnant to the plain meaning,” we “are to defer to the agency’s interpretation.” KCC, 108 So.3d at 939 (¶ 20)./ Put a bit differently, we only “give no weight to an agency interpretation” if it “is so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, , or contrary to the unambiguous language or best reading of a statute.” Id. Here, we find the Commission’s interpretation of section 71-3-53 is contrary to the unambiguous language of the statute. Thus, we afford it no weight.
¶ 11. The Commission was correct that this- statutory section contains two “triggering events.” However, these specific events do not -trigger the statute’s application. Rather, they trigger the running out of the statute’s application. In other words, the final payment of compensation or the rejection of a claim are not statutory prerequisites. What these events really mark is the one-year countdown to when the statute’s applicability ends and the door to reopening a compensation award is-slammed shut. As section 7Í-3-53 clearly states, the discretionary authority to review a final compensation award—or rejection of a claim—is available to the Commission “at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation prder has been issued, or at any time prior to ope (1) year after the rejection of a claim.” .Miss.Code Ann. § 71-3-53 (emphasis added).
¶ 12. When the Commission makes an award, as it did in this ease, the statute confers jurisdiction to review that award at- any time until one year after the final payment of compensation. For purposes of section 71-3-53, “compensation” includes medical services. Broadway v. Int’l Paper, Inc., 982 So.2d 1010, 1012 (¶ 8) (Miss.Ct.App.2008); see also John R. Bradley & Linda A. Thompson, Miss. Practice Series: Miss. Workers’ Compensation § 7:21 (2014). Though almost a decade passed after Smith' received her final disability payment, the fact she continued to receive ongoing medical services means the authority granted in section 71-3-53 has not run out.[2] See Broadway, 982 So.2d at 1012 (¶ 8) (holding that the employer’s continual furnishment of prescription drugs tolled the one-year period after final payment from ever beginning).

II. Commission’s Discretion

¶ 13. Still, just because section 71-3-53’s time limit has not yet run does not necessarily mean Smith’s case must be *877 reopened. The statute says “the [C]om-mission may ... review[.]” It does not dictate the Commission shall review. Miss.Code Ann. § 71-B-53. Unlike the right to judicial review of a final Commission order,[3] section 71-3-53 does not create a right for any interested party- to reopen a claim. See■ Bradley & Thompson, Miss. Workers’ Compensation, 'at § 7:14. This section instead gives the Commission discretionary authority to reconsider a claim. See id. So it is up to the Commission to decide to exercise that authority.
¶ 14.. Further, the Commission’s authority is expressly limited to circumstances where there has been “a change in conditions” or “a mistake in a determination of fact.” Miss.Code Ann. § 71-3-53. Typically “a change in conditions” means “a change in physical conditions due to the original injury which affects an employee’s earning capacity or ability to work.” N. Miss. Med. Ctr. v. Henton, 317 So.2d 373, 375 (Miss.1975) (citations omitted). But it can also mean “[a] change in the claimant’s ability to get or to hold employment or to maintain prior economic levels[.]” Id. “The burden of proof for showing a change in conditions is on the party, whether claimant or employer, • asserting the change.” Id. If this “preponderance of the evidence” burden is not met, “the' petition to reopen should be denied and the original order maintained.” Id.
¶ 15. On appeal, Smith’s employer argues she failed to make the required showing of a change in condition. It asks us to uphold the Commission’s order for this reason. But in ruling section 71-3-53 had no application whatsoever, the Commission never considered whether Smith established by a preponderance of the evidence that her conditions had changed. For this reason, we reverse the Commission’s order and remand for the Commission to determine if Smith established the necessary change-in condition to reopen- her claim and, if so,.whether it should exercise its discretionary authority and reopen her claim.
¶ 16. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES;
LEE, C.J., .IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR AND JAMES, JJ., CONCUR.- CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. WILSON, J., NOT PARTICIPATING,

. Apparently, the insurance carrier, -Legion Insurance Company, went into- liquidation in 2004, at which point the Mississippi Insurance Guaranty Association stepped in to pay for Smith’s medical benefits.

. The Commission found Smith’s employer has yet to make “the final payment of compensation,” a fact neither party challenges on appeal. But we note that "final payment of compensation” is a term of art. Bradley & Thompson, Miss. Workers' Compensation, at § 7:21. And this term must be understood in the context of Mississippi Code Annotated section 71-3-37(7) (Rev.2011), which requires notice to the employee before closing out a compensation, claim, and the Commission’s Procedural Rule 17, which, directs notice be provided through Form B-31. Bradley & Thompson, Miss. Workers' Compensation, at § 714; see also Broadway, 982 So.2d at 1012(7) (discussing interplay between section 71-3-53/ section 71-3-37(7), Rule 17, and Form B-31).

. See Miss.Code Ann. § 71-3-51 (governing right to appeal a final Commission order).