# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-WC-00644-COA

**ANGELA WRIGHT**                                                                  **APPELLANT**

**v.**

**MINACT LOGISTICAL SERVICES, LLC AND**                          **APPELLEES**
**COMPANION PROPERTY AND CASUALTY**
**INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/13/2017 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | ANGELA WRIGHT (PRO SE) |
| ATTORNEY FOR APPELLEES: | BRYAN GRAY BRIDGES |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 05/01/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.

### WESTBROOKS, J., FOR THE COURT:

¶1.     Angela Wright was employed by Minact Logistical Services at the Nissan Plant located in Canton, Mississippi. On July 9, 2012, Wright was involved in an incident where she fell off a crate she was seated on in the back of a Fed-Ex truck driven by a supervisor. Wright and Minact agreed to a settlement on October 21, 2016. On February 22, 2017, Wright requested the Mississippi Workers' Compensation Commission re-open her claim. The Commission denied her request. Wright, appearing pro se, appeals from that order. Finding no error, we affirm.

### FACTS

¶2. On July 9, 2012, Wright, employed by Minact, was instructed to ride in the back of a Fed-Ex truck by two supervisors at the Nissan Plant in Canton, Mississippi. The back of the truck did not have any seats, nor did it have any seatbelts, and Wright was instructed to sit on a crate. During the ride, Wright was thrown off the crate and injured her back. Over the span of four years, Wright saw at least nine different doctors regarding her work-related injuries. While it was undisputed between the parties that Wright had a compensable physical injury, it was disputed as to what extent she was disabled and whether her psychological injuries were related to her physical injuries. Due to the varying opinions of the physicians and at the encouragement of the Administrative Judge, both sides agreed to mediation.

¶3. At first, Wright seemed to have many hesitations to mediate, but ultimately she agreed to a settlement on October 21, 2016. Four months later, on February 22, 2017, Wright wrote a letter requesting the Full Commission to re-open her claim. In her letter, Wright stated that she felt her attorney did not do his job properly, she also stated she did not read the settlement herself, and she was forced into mediation by the Administrative Judge. On April 13, 2017, the Commission denied her request, stating that she had "failed to present any evidence to establish 'a change in conditions' or 'a mistake in determination of fact' as grounds for this matter to be reopened." Now, Wright timely appeals from the order denying her claim to re-open. Finding no error, we affirm.

**STANDARD OF REVIEW**

¶4. The Commission "sits as the ultimate finder of facts in deciding compensation cases, and therefore, its findings are subject to normal, deferential standards upon review." *Pilate v. Int'l Plastics Corp.*, 727 So. 2d 771, 774 (¶12) (Miss. Ct. App. 1999) (internal quotation marks omitted). This Court will only reverse the findings of the Commission if the findings are "clearly erroneous." *J.R. Logging v. Halford*, 765 So. 2d 580, 583 (¶13) (Miss. Ct. App. 2000) (citing *Evans v. Cont'l* Grain Co., 372 So. 2d 265, 269 (Miss. 1979)). A finding is clearly erroneous if, "although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact and in its application of the [Workers' Compensation] Act." *Id.*

**DISCUSSION**

*Whether the Commission erred in denying Wright's request to re-open her claim.*

¶5. This Court finds that the Commission did not err in denying Wright's request to re-open her claim. Under Mississippi Code Annotated section 71-3-53,

> Upon its own initiative or upon the application of any party in interest *on the ground of a change in conditions or because of a mistake in a determination of fact*, the commission may . . . review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

(Emphasis added).

¶6. Here, Wright raises seven issues in her principal brief but does not make any arguments in support of a change in circumstance or a mistake in determination of fact as

3

required by the statute.[1] Additionally, in her request to re-open, Wright raises the issues that she "felt rushed and forced," she was unaware of who the notary was, she had not read the final medical report, and the mediator had been previously employed as an attorney for the insurance carrier. However, Wright does not fully develop these arguments in her brief.

¶7.    This Court has held that "a change in conditions means a change in physical conditions due to the original injury which affects an employee's earning capacity or ability to work." *Smith v. CompFirst/L.C. Indus.*, 186 So. 3d 873, 877 (¶14) (Miss. Ct. App. 2015) (internal quotation marks omitted). Wright states that she is entitled to benefits for her psychological injuries; however, those were in dispute at the time of the settlement and were encompassed in the petition for approval of the final compromise settlement.

¶8.    Furthermore, "[t]he burden of proof for showing a change in conditions is on the party, whether claimant or employer, asserting the change." *Id.* "If this preponderance of the evidence burden is not met, the petition to reopen should be denied and the original order maintained." *Id.* (internal quotation marks omitted). Wright does not provide any additional documentation on her change in circumstances regarding her injuries. Therefore, the Commission did not err in finding there was no change in circumstances.

---

[1] Wright claims the following issues in her principal brief: (a) the Administrative Judge's decision was arbitrary and capricious in approving a 9I Settlement; (b) the Administrative Judge forced her into mediation; (c) the two B31s had different signatures; (d) the employer-carrier paid her incorrectly for temporary disability; (e) she is entitled to benefits for psychological injuries that caused post-traumatic stress disorder; (f) she was denied due process; and (g) the full Commission should have weighed in and reviewed the evidence that was presented before the judge made a final decision.

¶9. Additionally, the Commission did not find a mistake in determination of fact. As stated above, Wright did not demonstrate any mistake in determination of fact regarding her settlement. Although these issues are not dispositive of her appeal, we will address them briefly.

¶10. In her letter to the Commission, Wright states that she felt her attorney did not provide adequate representation during the settlement hearing on October 21, 2016. Wright stated that she asked him if he was going to read the settlement contract that day, and he responded that he was not. Other than this claim, Wright does not give any other evidence of deficient counsel.

¶11. Wright also states that the Administrative Judge forced her into mediation. However, there is nothing in the record that indicates the Administrative Judge forced Wright into mediation. Moreover, Wright was represented by counsel who, according to the record, was engaged in every step of the process. Therefore, we do not find that these two issues or the others raised demonstrate a mistake in determination of fact.

## CONCLUSION

¶12. After review of the record, we do not find the Administrative Judge erred in accepting the settlement agreement provided by Wright and Minact. Moreover, Wright did not demonstrate a change in circumstances or a mistake in determination of fact in accordance with section 71-3-53. Therefore, this Court finds that the Commission did not err in its denial of Wright's request to re-open her claim.

¶13. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND TINDELL, JJ., CONCUR.**