# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-WC-00983-COA

**BARRY MABUS**                                                    **APPELLANT**

**v.**

**MUELLER INDUSTRIES AND ZURICH**                       **APPELLEES**
**AMERICAN INSURANCE COMPANY**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/16/2019 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | ROY O. PARKER JR. |
| ATTORNEY FOR APPELLEES: | DAVID B. McLAURIN |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 06/23/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1. Barry Mabus filed a motion for medical treatment and requested that the Mississippi Workers' Compensation Commission (Commission) review its prior order denying Mabus permanent-disability and medical-treatment benefits. After a hearing on the matter, the administrative judge (AJ) denied Mabus's motion, and the full Commission affirmed the decision.

¶2. Mabus now appeals from the Commission's order and asserts the following assignments of error: (1) the Commission improperly refused to hear medical evidence and testimony regarding Mabus's injury, attempts to obtain work, and loss of wage earning capacity; (2) the Commission failed to allow Mabus to depose his treating physician; (3) the

Commission improperly applied the law of res judicata; and (4) the Commission failed to authorize an independent medical examination (IME).

¶3.    After our review, we find no error. We therefore affirm the Commission's decision.

**FACTS**

¶4.    In 2004, while operating a machine in the course of his employment at Mueller Industries, Mabus suffered a back injury. Mabus sought permanent disability benefits and medical-treatment payments from Mueller and its insurance carrier, Zurich American Insurance Company (collectively, Mueller). The Commission denied permanent disability benefits and medical-treatment payments after finding that "Mabus failed to show by a preponderance of the credible evidence that he suffered from a continuous work-related injury and from a permanent loss of wage-earning capacity." *Mabus v. Mueller Indus. Inc.*, 205 So. 3d 677, 681 (¶11) (Miss. Ct. App. 2016).

¶5.    Mabus appealed from the Commission's order, and this Court affirmed. *Id*. at 686 (¶45). In that opinion, this Court set forth the relevant underlying facts, which we quote at length:

> Mabus suffered an on-the-job injury on December 1, 2004, when he injured his back while moving a scrap pan from the machine he operated. Mabus initially sought medical treatment from Tim Evans, a nurse practitioner, and then Dr. Carl Bevering. Mabus then switched to Dr. LaVerne Lovell and executed a choice-of-physician form electing Dr. Lovell as his primary provider.
> Mabus first visited Dr. Lovell on April 26, 2005. Dr. Lovell determined Mabus suffered a disc herniation and recommended surgery. On May 4, 2005, Dr. Lovell performed a hemilaminectomy and discectomy on Mabus's L4 and L5 vertebrae. Mabus continued to see Dr. Lovell for follow-up appointments

2

and reported continued back pain. At a July 7, 2005 evaluation, Mabus claimed that he reinjured his back at work, but Dr. Lovell noted he could not confirm that a reinjury occurred.

Dr. Lovell found Mabus reached maximum medical improvement (MMI) on August 11, 2005. At MMI, Dr. Lovell released Mabus for work duties with a seventy-pound weight restriction and an eight percent permanent-partial impairment (PPI) overall. Dr. Lovell treated Mabus five additional times after he reached MMI. Dr. Lovell's assessment remained the same, but he did refer Mabus to Dr. Sam Murrell for a second opinion upon Mabus's request.

Dr. Murrell sporadically treated Mabus from November 21, 2005, until June 5, 2006. Mabus did not return to Dr. Murrell again until July 14, 2008, when Dr. Murrell assessed Mabus with a PPI of thirteen percent and concluded Mabus reached MMI without any further work restrictions.

Mabus returned to Dr. Murrell on August 11, 2010, but Dr. Murrell did not see any change in Mabus's condition. In the interim, Mabus also sought treatment from Dr. Bruce Porter and Evans for pain management. Mabus also went to the emergency room on at least two occasions. Mabus failed to obtain authorization for treatment from Dr. Porter, Evans, and the emergency-room doctors.

Mueller stipulated to the compensability of the injury and paid medical expenses and temporary disability benefits from March until November 2005. Mabus filed a petition to controvert on December 7, 2005, after Mueller suspended the temporary disability payments.

Mueller fired Mabus around January 2006. Mabus applied for a handful of jobs, but did not find employment. At some point in 2006, Mabus started his own business and earned higher wages than he did at Mueller. During this time, however, Mabus sought treatment for continued back and leg pain. By 2009, Mabus closed his business and remained unemployed.

Mabus applied for and received Social Security disability benefits in 2012, but continued to seek permanent-disability and medical-treatment payments from Mueller. On October 7, 2011, Mabus's claim was dismissed for failure to file a complete prehearing statement. Mabus filed the prehearing statement and a motion to reinstate his claim on October 27, 2011. An order reinstated the claim on November 8, 2011.

On March 14, 2013, Mabus filed a motion for recusal of the AJ, who presided over the case beginning December 28, 2011, on the ground of bias or prejudice against Mabus. The AJ denied the motion to recuse on March 20, 2013, and the Commission affirmed the order on April 17, 2013.

A hearing on the merits was held on August 20, 2013. The AJ found

Mabus failed to show by a preponderance of the credible evidence that he suffered from a continuous work-related injury and from a permanent loss of wage-earning capacity. The AJ denied permanent disability and medical benefits in an order dated November 21, 2013. Mabus appealed the AJ's decision on December 9, 2013. He also filed another motion for medical treatment on August 11, 2014. The Commission affirmed the AJ's decision, without additional fact-finding or analysis, and dismissed Mabus's motion for medical treatment in an order issued on August 20, 2014.

It is from this order that Mabus appeals. He has submitted the issues in this appeal, consolidated and edited for clarity, as: (1) the AJ should have had to recuse himself, and the Commission erred in not removing him; (2) the credible evidence did not support the Commission's decision to deny benefits; and (3) the Commission erred in denying Mabus's motion for medical treatment by failing to review the relevant medical evidence and issuing an order denying treatment before Mueller submitted a response.

*Id*. at 680-81 (¶¶2-12).

¶6.     On appeal, this Court affirmed the Commission's decision, finding as follows:

Based on the substantial evidence, Mabus failed to show he suffered from continuous back pain after 2006, and the medical evidence did not support a finding of permanent impairment. Further, Mabus could not show how his post-injury wages were unreliable, or that his later loss of wages resulted from his injury. Therefore, we find the AJ's and the Commission's decisions denying permanent disability benefits were supported by the substantial evidence.

*Id*. at 686 (¶45). The supreme court denied his petition for writ of certiorari on December 8, 2016. *Mabus v. Mueller Indus. Inc.*, 205 So. 3d 1081 (Miss. 2016).

¶7.     On November 30, 2017, Mabus filed a motion for medical-treatment benefits, alleging that he was in need of medical treatment and that his condition had worsened since the AJ's November 21, 2013 order. Mabus claimed Mueller refused to provide him with medical treatment, and he has therefore been forced to seek and pay for his own medical treatment.

Mabus listed the following health-care providers that he claimed to have seen at his own expense: Dr. Don Smith, who referred him for pain-management treatment, and Tim Evans, a nurse practitioner, who provided pain-management treatment. Mabus also alleged that because he suffered a permanent injury, he was entitled to permanent disability benefits.

¶8. Mueller filed a response to Mabus's motion for medical treatment. Mueller also filed a motion to dismiss and a motion for sanctions and attorney's fees. Mueller alleged that Mabus was attempting to re-litigate the same issues that the AJ previously denied and dismissed in its November 21, 2013 order, which the Commission later affirmed—specifically on the issues of the necessity of further medical treatment and entitlement to permanent disability benefits. Mueller therefore argued that the doctrine of res judicata would be applicable in preventing Mabus from trying to re-litigate the same issues. Mueller also asserted that Mabus failed to provide any legal or factual authority to support his motion for medical treatment, and Mueller therefore requested sanctions and attorney's fees from Mabus for having to respond to his motion for medical treatment.

¶9. Mabus then filed a reply to Mueller's response. Mabus also attached an exhibit list with medical documentation to his response. This medical documentation is the same medical documentation the prior AJ did not allow to be introduced into evidence at the August 20, 2013 hearing.

¶10. The AJ set a hearing for June 26, 2018. On June 13, 2018, Mabus forwarded his medical records from his treating physician, Dr. Samia Moizuddin, to Mueller's counsel. On

5

June 18, 2018, Mabus filed three different sets of documents with the Commission: (1) a motion for an independent medical examination (IME), in which Mabus alleged that his counsel had unsuccessfully attempted to contact Mueller's counsel for the purposes of deposing Dr. Moizuddin. (Mabus explained that the AJ needed this current medical evidence to see how Mabus's condition limited him in his ability to obtain and keep employment.); (2) a notice of deposition stating that Mabus intended to take Dr. Moizuddin's on June 25, 2018 in Jasper, Alabama; and (3) Dr. Moizuddin's medical records, which appear to show Mabus's medical treatment with Dr. Moizuddin from January 14, 2015, until August 11, 2017.

¶11. On June 21, 2018, Mueller filed a motion for a protective order to prevent Mabus from taking Dr. Moizuddin's deposition. Mueller argued that by attempting to take the deposition of Dr. Moizuddin, as well as submitting her medical records into evidence, Mabus "continues to take steps in an attempt to re-litigate issues already tried before this Commission," and therefore Mabus should be prevented from taking Dr. Moizuddin's deposition. Mueller also filed a motion objecting to Mabus's request for an IME, arguing that Mabus is again attempting to re-litigate the issues previously decided by the AJ's November 21, 2013 order. Mueller submitted that Mabus had ample opportunity to have filed a motion for medical treatment and/or an IME during the prior matter and before the AJ's 2013 order. Mueller stated that in the 2013 order, the AJ observed that Mabus's counsel "had responded to status inquiries, indicating that he was going to file a [m]otion for [m]edical [t]reatment and/or depose one (1) or more treating physicians, none of which was

6

ever done."

¶12. On July 26, 2018, the AJ held a hearing on Mabus's motion for medical treatment and the other related pleadings.[1] Mabus was the only witness who testified at the hearing.

¶13. In an order entered on August 22, 2018, the AJ denied Mabus's motion for medical treatment, explaining that pursuant to the requirement of Mississippi Code Annotated section 71-3-53 (Rev. 2001), Mabus failed to meet his burden of proving "a change in conditions" or "a mistake in determination of fact" that would allow the Commission to review Mabus's claim. The AJ also denied Mabus's motion for an IME, as well as Mueller's motion for sanctions and attorney's fees. However, the AJ granted Mueller's motion for a protective order preventing Mabus from deposing Dr. Moizuddin.

¶14. The AJ's order reflects that Mabus testified that he had continued back problems since the 2013 hearing on the merits, and that his medical condition remained the same during the appeal process. According to Mabus, he sought treatment from Dr. Moizuddin. Mabus testified that Dr. Moizuddin informed him that his current back pain was related to his 2004 work injury. Mabus maintained that due to his constant lower back pain, he had not worked since the AJ's 2013 order. Mabus argued that if he is not allowed to depose Dr. Moizuddin, then an IME should be ordered to determine his current medical condition.

---

[1] These other related pleadings were Mueller's response to Mabus's motion for medical treatment, Mueller's motion to dismiss, Mueller's motion for sanctions and attorney's fees, Mueller's motion for a protective order, Mabus's reply to Mueller's response to his motion for medical treatment, Mabus's motion for an IME, and Mueller's response to Mabus's motion for an IME.

¶15.    The AJ next addressed Mueller's argument that Mabus failed to file a motion to

reopen, but rather a motion for medical treatment.  The AJ found that Mabus did cite to the

controlling statute, Mississippi Code Annotated section 71-3-53 (Rev. 2011).  The AJ further

found that because Mabus alleged that he has received additional medical treatment since the

prior 2013 ruling, Mabus was essentially seeking a review of his claim within the one-year

statute of limitations and alleging a "change in conditions" or "a mistake in determination

of fact," per the requirements of section 71-3-53.  (We will discuss the requirements set forth

in section 71-3-53 at length below.)

¶16.    The AJ determined that Mabus timely filed his motion for medical treatment within

the one-year statutory limitations period.[2]  However, as to the other requirements set forth

in section 71-3-53, the AJ found that Mabus failed to meet his burden of proving "a change

---

[2] Although not an issue before us on appeal, the AJ found that Mabus timely filed his motion for medical treatment within the one-year statutory limitations period.  In determining when this one-year statute of limitations occurred, the AJ cited to section 71-3-37(7) (Rev. 2011), which states, in part, that the employer shall send the Commission, within thirty days after final payment of compensation, a notice that such final payment has been made and that "[n]o case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard."  The AJ observed that the filing of the Form B-31 with the Commission starts the running of the one-year statutory limitations period under section 71-3-53 in relation to the last payment of compensation.  The AJ found that Mueller filed its "Form B-31 Notice of Final Payment" on May 25, 2017, which started the running of the one-year statutory limitations period.  Mabus then filed his motion for medical treatment just over six months later, on November 30, 2017—within the one-year statutory limitations period.  The AJ also determined that Mabus's initial claim was finally rejected on December 8, 2016, when the supreme court denied the petition for writ of certiorari, and therefore Mabus still filed his motion for medical treatment within the one-year statutory limitations period.

8

in conditions" or "a mistake in determination of fact" because Mabus failed to offer any evidence in support of his claim. The AJ explained that at the hearing, Mabus submitted his past medical records that were considered by the prior AJ at the 2013 hearing, as well as by the Court of Appeals on appeal. At the 2018 hearing, Mueller objected to these records being entered into evidence. The AJ then questioned Mabus about the medical records, and Mabus admitted that none of the medical records were from after 2013. Mabus also admitted that all of these medical records were in existence at the time of the 2013 hearing, and Mabus either did not submit them into evidence at that hearing or he attempted to submit them but they were rejected by the prior AJ. The AJ therefore sustained the objection and admitted the medical records for identification purposes only. The AJ held that because this evidence has already been considered, it does not show "a change in conditions" or "a mistake in determination of fact."

¶17. The order reflects that the only other evidence Mabus submitted was Dr. Moizuddin's medical records. However, the AJ held that these records were not properly submitted because they were not filed as part of Mabus's motion for medical treatment but rather filed with the Commission on June 18, 2018 (four business days before the hearing). Mueller also objected to Dr. Moizuddin's records being admitted into evidence. The AJ sustained the objection and he explained in his order that he allowed these medical records to be marked for identification purposes only. The AJ did not consider these records as evidence.

¶18. In the order, the AJ also denied Mueller's motion for sanctions and attorney's fees,

but the AJ warned that if Mabus "wastes the time and resources of the Commission, sanctions will likely be reconsidered[.]" Mabus appealed the AJ's decision to the full Commission.

¶19. On February 20, 2019, Mabus filed a motion to introduce additional medical evidence before the Commission. In his motion, Mabus requested that the Commission allow him to depose Dr. Moizuddin regarding Mabus's change in his medical condition. This motion was date-stamped as filed with the Commission on February 20, 2019. On April 18, 2019, Mueller filed a motion objecting to Mabus's request to introduce additional medical evidence, arguing that Mabus was simply attempting to use "a backdoor route to retry a case because he thinks he can make a better showing on the second attempt." In the record on appeal, the trial docket shows that on February 21, 2019, Mabus filed a motion, but this motion is denoted simply as "MOTION, OTHER (INITIAL)." The docket shows that the only motion filed by Mueller on April 18, 2019, was a motion for the approval of attorney's fees.

¶20. The Commission entered an order on May 16, 2019, and affirmed the AJ's order. In its order, the Commission noted that the burden of proof for showing a change in conditions is on the party, whether the claimant or employer, asserting the change. The Commission recognized that if the party cannot establish by a preponderance of the evidence that the claimant's condition has changed, then the petition to reopen should be denied, and the original order maintained. The Commission then found that in the present case, Mabus

"failed to support his position that there was any evidence in the record to support a 'change in conditions.'" The Commission held that Mabus was simply seeking to re-litigate a previously decided issue without the presentation of evidence to support his position.

¶21. The Commission addressed Mabus's argument that he would be able to show a change in conditions if given the opportunity to present the medical records and depose Dr. Moizuddin. The Commission determined that Mabus "had many opportunities to present the medical records of Dr. Moizuddin, but he has failed to properly get those medical records before the Commission." The Commission observed that Dr. Moizuddin's medical records were only marked for identification purposes by the AJ, and therefore they are not considered part of the record before the Commission. The Commission held that Mabus also failed to file a motion to introduce additional evidence before the Commission concerning these records. Nonetheless, the Commission proceeded to review the medical records of Dr. Moizuddin, noting as follows:

> Out of an abundance of caution, the Commission has reviewed the medical records of Dr. Moizuddin, and we find that [Mabus] still has not met his burden to show a change in conditions related to his work-injury. [Mabus] began treatment in January 2015, and he gave a history of the pain he experienced as being progressive and chronic with the duration being "several years." [Mabus's] most recent treatment in the medical records was June 2017. In our review of these records, we find that there is no mention of [Mabus's] current complaints being related to his work injury. Given that [Mabus] began treatment in January 2015, [Mabus] has had ample time to bring these records properly before the Commission as well as depose any physician that he so chose; however, [Mabus] simply did not make these arrangements. Based on this additional and unrequired review of the records, we find that [Mabus] has failed to offer sufficient evidence that his current medical needs were related to his work injury or to justify reopening of this

11

matter.

The Commission also remanded the case back to the AJ "for the limited issue concerning the imposition of sanctions and/or attorney fees."[3]

¶22. Mabus timely filed his notice appealing the Commission's May 16, 2019 order.

## STANDARD OF REVIEW

¶23. When reviewing workers' compensation cases, we "review[] the decision of the Commission, not that of the AJ [or] the circuit court . . . ." *Sheffield v. S.J. Louis Constr. Inc.*, 285 So. 3d 614, 618 (¶8) (Miss. 2019) (quoting *Short v. Wilson Meat House LLC*, 36 So. 3d 1247, 1250 (¶16) (Miss. 2010)). We recognize that "[t]he Commission 'sits as the ultimate finder of facts in deciding compensation cases, and therefore, its findings are subject to normal, deferential standards upon review.'" *Wright v. Minact Logistical Servs. LLC*, 254 So. 3d 858, 859 (Miss. Ct. App. 2018) (citation omitted). Therefore, upon review, we will only reverse the Commission's decision if it "lacks the support of substantial evidence, is arbitrary or capricious, is beyond the Commission's scope or its power, or violates constitutional or statutory rights." *Sheffield*, 285 So. 3d at 618 (¶8). The supreme court has

---

[3] We find that although the Commission remanded the limited issue of sanctions and attorney's fees to the AJ, the Commission's May 16, 2019 order was a final, appealable judgment. In the similar case of *J.R. Logging v. Halford*, 765 So. 2d 580, 583 (¶11) (Miss. Ct. App. 2000), this Court examined whether the Commission erred in denying the claimant's petition to reopen his claim pursuant to section 71-3-53. In a concurring opinion, Judge Southwick explained that the Commission's order refusing to reopen the claim was final because "no further action would have occurred at the Commission on that decision unless an appellate court ordered it." *Id*. at 586 (¶30) (Southwick, P.J., concurring).

defined substantial evidence as "more than a mere scintilla of evidence but does not rise to the level of a preponderance of the evidence." *Id*. Rather, "[s]ubstantial evidence consists of sufficient evidence for reasonable minds to accept as adequate to support the Commission's conclusion." *Id*. "[T]o be substantial, the evidence must 'afford a substantial basis of fact from which the fact in issue can be reasonably inferred.'" *Id*. (quoting *Short*, 36 So. 3d at 1251 (¶19)). The supreme court has further explained how "[t]he arbitrary and capricious standard overlaps with the substantial evidence standard[:] . . . if the Commission's decision is not supported by substantial evidence, that decision is arbitrary and capricious." *Id*.

¶24. Finally, as the reviewing court, we will not evaluate or re-weigh the evidence. *Id*. Even if conflicting evidence exists and this Court may have found differently than the trier of fact, "this Court cannot set aside a Commission's decision that is supported by substantial credible evidence[.]" *Id*.

## DISCUSSION

### I. Whether Mabus failed to meet his burden to prove "a change in condition" or "a mistake in determination of fact."

¶25. Mabus argues that the Commission erred in affirming the AJ's order denying Mabus's motion for medical treatment. The Commission found that Mabus failed to meet his burden of proving "a change in condition" or "a mistake in determination of fact" pursuant to section 71-3-53, and therefore the Commission lacked the authority to review or reconsider Mabus's claim. Mabus asserts that the Commission improperly refused to hear medical evidence that

13

would allow Mabus to prove "a change in condition": namely, that Mabus suffered a permanent injury, that he has attempted to obtain work but has been unable, that he has demonstrated a loss of wage earning capacity, as well as an actual loss of wages, and that he is in need of medical treatment. Mabus therefore asserts that the finding and decision of the Commission and the AJ is contrary to the credible evidence, contrary to the great and overwhelming weight of the evidence, and is contrary to the law.

¶26. Section 71-3-53 provides, in pertinent part, as follows:

> Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

¶27. In *Smith v. CompFirst/L.C. Industries*, 186 So. 3d 873, 877 (¶13) (Miss. Ct. App. 2015), this Court has discussed the language of section 71-3-53 and clarified that "[t]he statute says 'the Commission may . . . review.' It does not dictate the Commission *shall* review." (Emphasis added). This Court has explained that "[u]nlike the right to judicial review of a final Commission order, section 71-3-53 does not create a right for any interested party to reopen a claim. This section instead gives the Commission discretionary authority to reconsider a claim." *Id*. (citation omitted).

¶28. We further recognize that the Commission's authority to reconsider a claim "is expressly limited to circumstances where there has been 'a change in conditions' or 'a

14

mistake in a determination of fact.'" *Id*. at (¶14) (citing Miss. Code Ann. § 71-3-53). Here, Mabus argues that a change in conditions occurred which warrants the reconsideration of his claim. This Court has held that "[t]ypically 'a change in conditions' means 'a change in physical conditions due to the original injury which affects an employee's earning capacity or ability to work.' . . . [or] 'a change in the claimant's ability to get or to hold employment or to maintain prior economic levels.'" *Id*. (quoting *N. Miss. Med. Ctr. v. Henton*, 317 So. 2d 373, 375 (Miss. 1975)). The party asserting the change—here, Mabus—bears "[t]he burden of proof for showing a change in conditions" by a preponderance of the evidence. *Id*. If Mabus fails to meet this burden of proof, "the petition to reopen should be denied and the original order maintained." *Id*.; *see also Broadway v. Int'l Paper Inc*., 982 So. 2d 1010, 1013 (¶12) (Miss. Ct. App. 2008).

¶29. Mabus argues in his appellate brief that in support of his motion for medical treatment, he "provided medical records, gave his own testimony, and attempted to schedule the deposition of his treating physician to show that he needs medical treatment for his work related back injury." Our review of the record shows that at the hearing before the AJ, the following exhibits were entered into evidence: Mabus's motion for medical treatment; Mueller's response to Mabus's motion for medical treatment; Mueller's motion to dismiss; Mueller's motion for sanctions and attorney's fees, Mabus's reply to Mueller's response to his motion for medical treatment; Mabus's motion for an IME; Mueller's response to Mabus's motion for an IME; Mueller's motion for a protective order; and the AJ's June 22,

15

2018 order prohibiting Mabus from deposing Dr. Moizuddin until Mueller had an opportunity to be heard on the motion for a protective order.

¶30. Our review also shows that the following two items were admitted into evidence for identification purposes only: Mabus's exhibit list and Dr. Moizuddin's medical records. The exhibit list Mabus submitted is the exhibit list of Mabus's prior medical records that were previously determined by the AJ in his 2013 order and also by this Court on appeal. The record from the hearing shows that Mueller objected to these records and the AJ sustained the objection but allowed the records to be entered for identification purposes. The AJ further held that because this evidence has already been considered, it does not show "a change in conditions" or "a mistake in determination of fact."

¶31. In its order affirming the AJ's determination that Mabus failed to meet his burden of proving that a change in conditions occurred, the Commission found that although Mabus had many opportunities to properly place Dr. Moizuddin's medical records before the Commission, he failed to do so. The Commission observed that the AJ marked the medical records for identification purposes only; therefore, the medical records were not part of the record before the Commission. Nonetheless, the Commission decided to review Dr. Moizuddin's medical records "out of an abundance of caution." After its review, the Commission found no mention in the records that Mabus's current complaints related to his prior work injury. The Commission accordingly held that without any medical testimony or evidence to support his claim, Mabus failed to meet his burden of showing a change in

conditions related to his prior work injury.

¶32. After our review, we find that Mabus failed to meet his burden of proving a change of circumstances or a mistake in determination of fact by a preponderance of the evidence, as required by section 71-3-53. Keeping in mind our standard of review, we therefore find that the Commission did not err in its denial of Mabus's request to re-open his claim.

**II.** **Whether the Commission erred in denying Mabus's motion to depose Dr. Moizuddin and Mabus's motion for an IME**.

¶33. Mabus next argues that the Commission erred in denying his motion to depose Dr. Moizuddin and his motion for an IME. Mabus maintains that with an IME to show that he is need of medical treatment, and by deposing Dr. Moizuddin, his treating physician, Mabus could meet his burden of proving "a change in condition" pursuant to section 71-3-53.

¶34. Mabus argues that the deposition of Dr. Moizuddin was properly noticed before the June 26, 2018 hearing. Mabus also asserts that by failing to respond to his attempts to contact counsel for Mueller, Mueller violated Mississippi Workers' Compensation Commission Procedural Rule 2.9(5), which requires Mueller to cooperate with Mabus deposing Dr. Moizuddin.

¶35. Mabus cites no caselaw in support of his argument that the AJ erred in prohibiting Mabus from deposing Dr. Moizuddin and in denying his motion for an IME. "It is well known that a failure to cite case law in support of one's contentions acts as a procedural bar, preventing this Court from considering it." *Ortman v. Cain*, 811 So. 2d 457, 462 (¶16) (Miss. Ct. App. 2002). In Mabus's prior appeal to this Court, we also found that "Mabus

17

failed to cite any legal authority supporting his contention that the Commission wrongly denied his motion [for medical treatment]" and we held that "[f]ailure to cite legal authority in support of an issue is a procedural bar on appeal." *Mabus*, 205 So. 3d at 686 (¶48) (citing *Webb v. DeSoto County*, 843 So. 2d 682, 685 (¶10) (Miss. 2003)).

¶36.    Nonetheless, the record reflects that in granting Mueller's motion for a protective order to prohibit Mabus from deposing Dr. Moizuddin, the AJ based its ruling on the fact that Mabus "attempted to take the deposition of Dr. [Moizuddin] on [June 25, 2018,] the eve of [Mabus's] motion hearing." The AJ also found that Mabus did not attach any medical records or other evidence to his motion for medical treatment. Mabus did not even mention Dr. Moizuddin in his motion for medical treatment. Instead, he referenced Dr. Don Smith, nurse practitioner Tim Evans, and S&W Pharmacy for pain prescriptions. In its order affirming the AJ, the Commission found that Mabus began treatment with Dr. Moizuddin in January 2015 and therefore "had ample time to . . . depose any physician that he so chose; however, [Mabus] simply did not make these arrangements."

¶37.    Additionally, as stated, on June 18, 2018, eight days before the hearing, Mabus filed his motion for an independent medical examination. In the motion, Mabus alleged that he had been unsuccessful at contacting Mueller's counsel to arrange to depose Dr. Moizuddin. Mabus argued that "[i]t is important that the [AJ] have current medical evidence of [Mabus's] medical status, failed back surgery syndrome, and how it limits him in his ability to obtain and keep employment. . . . Therefore, it is appropriate for the Commission to order

18

the examination of [Mabus]." Mabus also asserted that Mueller refused his request to attend a physician of his choosing. Mabus did not attach any exhibits to his motion. In its response to Mabus's motion, Mueller argued that Mabus possessed ample opportunity during the previous matter and 2013 hearing to have filed a motion for an IME. The AJ denied Mabus's request for an IME, which the Commission affirmed.

¶38. In *Roberts v. Junior Food Mart*, 308 So. 2d 232, 235 (Miss. 1975), the supreme court explained that "[t]he [C]ommission's powers are considered to be 'broad and extensive' and used for the purpose of 'finding the facts and properly protecting the rights of all parties.'" (Citation omitted). The supreme court stated that "[a]n employer-carrier's request for an examination may be properly denied or granted by a [C]ommission within its sound discretion." *Id*.

¶39. Regarding Mabus's motion for medical treatment, Mississippi Workers' Compensation Commission Procedural Rule 1.9 provides as follows:

> If any party of interest shows that the injured employee is suffering from improper medical attention or lack of medical treatment, the Commission or Administrative Judge *may* order further medical treatment at the employer's expense. If, during such period, the injured employee unreasonably refuses to submit to medical or surgical treatment, the Commission or Administrative Judge shall order the suspension of payment of compensation while such refusal continues.

(Emphasis added). Additionally, Mississippi Code Annotated section 71-3-15(1) states that if the employer denies the employee's additional selection of a physician, the employee "may apply to the [C]ommission for approval of the additional selection or referral, and if the

19

[C]ommission determines that such request is reasonable, the employee *may* be authorized to obtain such treatment at the expense of the employer or carrier."

¶40. As to Mabus's motion to depose Dr. Moizuddin and motion for an IME, Mississippi Workers' Compensation Procedural Rule 2.9 states, "All testimony and documentary evidence shall be presented at the evidentiary hearing before the Administrative Judge." Rule 2.9 also provides, "The Commission has discretion to admit any additional evidence offered on review. A motion to introduce additional evidence must be made in writing at least five (5) days before the date of the Commission's review hearing." As to depositions, Rule 2.9 states that "[d]epositions may be taken and discovery had by any party in accordance with the Mississippi Rules of Civil Procedure relating to depositions and discovery (Rules 26–37) except as specifically amended by the Commission Rules." Rule 2.9(5) addresses the timeline for taking depositions: "Notice of the deposition must be made before setting the case for hearing on the merits, and the deposition must be taken before the evidentiary hearing on the merits." Additionally, "[t]he other party must cooperate in the taking of the deposition." *Id*. Finally, Mississippi Code Annotated section 71-3-55(1) sets forth as follows:

> In . . . conducting a hearing, the [C]ommission shall not be bound by common law or statutory rules of evidence or by technical or formal rules or procedure, except as provided by this chapter, but may make such investigation or inquiry or conduct such hearing in such manner as best to ascertain the rights of the parties.

¶41. Based on the above language, the Commission is not required to authorize additional

20

medical treatment for an employee/claimant; rather, the Commission has the discretion to authorize or deny any additional medical treatment for the employee/claimant upon a proper showing by the requesting party. We thus find that the Commission was acting within its discretion in denying Mabus's motions. Moreover, after reviewing the record, we find that the Commission's decision denying Mabus's motions was supported by substantial, credible evidence.

### III. Whether the Commission erred in finding that Mabus was attempting to re-litigate a previously decided issue.

¶42. Mabus also argues that the Commission erred in basing its finding that Mabus failed to meet his burden of proving a change in circumstances on the fact that, in 2014, the Commission decided the issue of whether Mabus was entitled to payment of medical treatment or medical benefits from Mueller. Mabus maintains, however, that the previous 2014 order of the Commission did not state that Mabus was never to be allowed medical treatment in the future; rather, it merely stated that Mabus did not show with sufficient medical proof that he was entitled to medical benefits at that time.

¶43. In *Smith*, 186 So. 3d at 874 (¶1), this Court acknowledged that "[w]hile the doctrine of res judicata applies to Mississippi workers' compensation claims," section 71-3-53 provides a statutory exception to res judicata. As stated, section 71-3-53 provides the Commission with "discretionary authority to 'terminate, continue, reinstate, increase, or decrease such compensation, or award compensation' in an otherwise-final compensation case." *Id*. However, the Commission "can only do so if there is either 'a change in

21

conditions or . . . a mistake in a determination of fact.'" *Id.* (quoting Miss. Code Ann. § 71-3-53). Additionally, the statute provides that "[t]he Commission may only review a compensation case 'at any time prior to one (1) year after' the last payment of compensation or the rejection of a claim, but not after." Miss. Code Ann. § 71-3-53.

¶44. In this case, the AJ found that Mabus timely filed his motion for medical treatment within the one-year statute of limitations provided by section 71-3-53. However, the AJ found that Mabus failed to meet his burden of proving by a preponderance of the evidence that a change in circumstances occurred which would allow the Commission to reconsider his claim, as required by section 71-3-53. Upon review, the Commission also found that Mabus "failed to support his position that there was any evidence in the record to support a 'change in conditions.'" The Commission held that Mabus was simply seeking to re-litigate a previously decided issue—his request that Mueller pay for his medical treatment and pay him medical benefits—without the presentation of evidence to support his position.

¶45. As we discussed above, we find that the Commission's order denying Mabus's motion for medical treatment was supported by substantial evidence. We also find that the Commission was within its discretion to deny Mabus's motion to depose Dr. Moizuddin and his motion for an IME. As stated, the AJ found that in support of his claim for medical treatment, Mabus submitted prior medical records that were previously considered by the AJ at the 2013 hearing as well as by this Court on appeal from the previous matter. The AJ therefore only admitted these records for identification purposes only. Mabus also attempted

22

to submit Dr. Moizuddin's medical records into evidence at the hearing, but Mabus failed to attach these records to his motion for medical treatment and failed to file them with the Commission until four business days before the hearing. Therefore, the AJ ruled that these medical records were not part of the record before the Commission. The AJ accordingly found that Mabus offered no evidence for his claim of "a change in conditions" or "a mistake in determination of fact." In affirming the order of the AJ, the Commission also found that Mabus failed to support his claim with any evidence in the record, and was seeking "to relitigate a previously decided issue without the presentation of evidence to support his position."

¶46. After our review, we find no error in the Commission's determination that Mabus failed to meet his burden of proving that a change in circumstances occurred, which would allow the Commission to reconsider his claim.

### IV. Whether Mabus filed a frivolous appeal.

¶47. In its appellate brief, Mueller argues that Mabus filed a frivolous appeal and accordingly seeks damages and costs on appeal pursuant to Mississippi Rule of Appellate Procedure 38.

¶48. Rule 38 provides, "In a civil case if the Supreme Court or Court of Appeals shall determine that an appeal is frivolous, it shall award just damages and single or double costs to the appellee." We recognize that "[a]n appeal is frivolous when the appellant has no hope of success." *In re Estate of Cole*, 256 So. 3d 1156, 1160 (¶13) (Miss. 2018). Keeping this

23

standard in mind, we find that Mabus's appeal is not frivolous, and we deny Mueller's

request for damages and costs. *See id.* ("While the [appellant] does not appear to have much

hope of success, it cannot be said on this record that the appellant had no hope of success.").

¶49.    **AFFIRMED.**

      **BARNES, C.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. J. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

24